[**363**] JAMES H. HOLT VS. THE STATE — Writ of Error from Washington County.

The act of 1846, requiring the jury in certain cases to assess the amount of punishment to be inflicted, is not an *ex post facto* law in reference to offenses for which there were prosecutions pending at the period of its enactment. [6 Tex. 347; 14 Tex. 402.]

*Gillespie,* for plaintiff in error.
*Harris,* Attorney General, for defendant in error.

Mr. Justice WHEELER delivered the opinion of the court. James H. Holt was indicted for an affray at the fall term, 1844, of the Washington district court. The prosecution was pending until the fall term, 1846, when the accused was tried

and found guilty, and judgment was pronounced against him, the prosecution being then conducted in the name of the state.

He subsequently prosecuted this writ of error to reverse the judgment, upon the ground that "the indictment and alleged offense are both previous to the passage of the law authorizing the assessing of fines by juries."

This prosecution was pending at the period of the adoption of the state constitution, and comes within the express provision of the 2d section of its 9th article. It was prosecuted to judgment in literal compliance with that provision.

The act, Stats. 1846, 161, requiring the jury in certain cases to assess the amount of punishment to be inflicted, only provides a different mode of ascertaining the amount of fine or duration of imprisonment from that before existing. It [364] merely substitutes the opinion of the jury for that of the judge in those cases, but it does in no respect operate to the prejudice of the accused, and is not, therefore, an *ex post facto* law in reference to offenses for which there were prosecutions pending at the period of its enactment. The prohibition as to *ex post facto* laws, Constitution, art. 1, section 14, has been held to extend only to a law which makes an act done before its passage, and which was innocent when done, criminal; or which aggravates a crime and makes it greater than when committed; or which changes a punishment and inflicts a greater punishment than the law annexed to the crime when committed; or which alters the legal rules of evidence and receives less or different testimony than the law required at the time of the commission of the offense, in order to convict the offender. 1 Kent, 408; 3 Dall. 386; 1 Blackf. 193; 6 Cranch, 138.

The act of 1846 does not come within this definition, and its application in the present case does in no respect conflict with the constitutional prohibition. The judgment must therefore be affirmed.