## Alex Mrous v. The State.

### No. 157. Decided March 25.

**1. Seduction—Testimony of Prosecutrix—Ex Post Facto Law.—** On a trial for seduction, where the offense was shown to have been committed before the passage of the Act of 1891, permitting the seduced female to testify, *held*, that the court properly permitted the prosecutrix to testify, and that to do so would not be to make the said act ex post facto as to said offense.

**2. Same.—** A statute which enlarges the class of persons who may be competent to testify as witnesses is not ex post facto in its relation to offenses previously committed, since it only relates to modes of procedure in which no individual has a vested right, and which the State, on grounds of public policy, may regulate at pleasure.

**3. Same—Charge of Court.—** Where, on a trial for seduction, the testimony showed that for four years past the reputation of the prosecutrix was bad; that before appellant's promise of marriage was made she was generous and promiscuous in her favors, and specific acts were also proved; *held*, that a charge to the jury which in effect instructed them, if they believed that defendant and prosecutrix were well acquainted with each other, and defendant, knowing the character of the prosecutrix in the community, promised to marry her, and subsequently seduced her by virtue of said promise, that he could not avail himself of the character of the woman for want of chastity, was erroneous, because if the facts above stated were true, appellant was not guilty of seduction, whatever may have been his civil liability for breach of promise.

Appeal from the District Court of Bexar. Tried below before Hon. G. H. Noonan.

Appellant was indicted for the seduction of an unmarried female, under the age of 25 years, by means of a promise of marriage. At his trial he was convicted, and his punishment assessed by verdict and judgment at a fine of $2000.

The facts are sufficiently stated in the opinion.

The fifth paragraph of the court's charge, which was excepted to, is as follows: "If you find from the evidence that the defendant and said Tina Gorzell were well acquainted with one another, and that the defendant, knowing the character of the said Tina Gorzell in the community in which they both lived and were reared, and knowing her character he promised to marry her, and subsequently seduced her by virtue of said promise of marriage, he can not now avail himself of her character for want of chastity prior to said promise of marriage as a defense to this indictment."

*Jay Minter* and *George C. Altgelt*, for appellant.—The court erred in that portion of the second section of its charge which instructs the jury, that "the seduced female is competent to testify as a witness, but no conviction shall be had upon the testimony of said female unless the same is corroborated by other evidence tending to connect the defendant with the

offense charged." The court erred in so instructing the jury, because the alleged offense, if at all, was committed long prior, to-wit, on July 9, 1890, to the Act of March 11, 1891, rendering the prosecuting witness competent, and by said charge the court gave said act of the Legislature an ex post facto application in requiring a less degree of proof to convict defendant.

A law that changes a rule of evidence, so as to require less evidence to convict than the law did at the time of the commission of the offense, is ex post facto. Ord. Const. Leg., pp. 222–224; Cool. Const. Lim., ed. 1890, p. 319 et seq.

The fifth section of the court's charge was fundamental error, in this, that it conveyed to the jury an erroneous definition of the offense of seduction. It made defendant's guilt or innocence depend upon defendant's knowledge of the character of the said prosecuting witness, and knowledge of her character for want of chastity.

If this was a civil suit for damages, brought against appellant by prosecuting witness on account of appellant refusing to perform the promise of marriage, such a charge might be correct; but in a criminal prosecution for seduction, the bad character and general reputation for chastity of the injured female is always admissible as a defense.

Appellant's acquaintance with the prosecuting witness, Tina Gorzell, and his knowledge of her character, or his opportunities of knowing her character in the community where they both lived and were reared, can not deprive him of the defense offered.

It may be true that appellant was not an innocent purchaser without notice when he made the promise.

The whole case discloses rather a case of prostitution or fornication than a case of seduction.

The criminal law never intended to protect the harlot; she has no virtue to lose. The law intended to protect virtue and innocence against wily men, who might by promise of marriage overcome even honest women. The policy of the law is not to compel a man to redeem a promise of marriage given a prostitute; it is better to leave a bad man and worse woman where it finds them—in pari delicto.

The term seduce, even "as commonly understood," means more than sexual intercourse in consequence of a promise to marry. The People v. Clark, 33 Mich., 112.

*R. L. Henry*, Assistant Attorney-General, for the State.—1. As a proposition, the State submits, that if appellant had carnal intercourse with the girl Tina Gorzell, promising at the time to marry her, he was guilty of the crime of seduction. The facts amply sustain this proposition. In regard to the charge on the necessary facts to be proved, see Putman v. The State, 29 Texas Court of Appeals, 454.

2. Appellant contends that the crime of seduction, if any, was committed on the 9th of July, 1890; that the trial occurred sometime afterwards; that the law permitting the seduced female to testify did not take effect until the 14th day of July, 1891, and that therefore the action of the court in placing the seduced female on the stand to testify to the transaction was retroactive and ex post facto in its nature, and in violation of the Constitution of the United States.

There are authorities in this State holding, that if a change in the law requires less evidence or different evidence to convict in a criminal prosecution, it is ex post facto in its nature.   1 Texas Ct. App., 417; 2 Texas, 363; 6 Texas, 347.

The State submits as a proposition, that permitting the seduced female to testify is not changing a rule of evidence or requiring a different rule of evidence, but is simply permitting that a prosecution may be sustained by the same degree of evidence through different sources.

The authorities quoted by appellant are not in point. To show the difference, the following quotation is made:   "A statute which enlarges the class of persons who may be competent as witnesses is not ex post facto in its application to offenses previously committed, for it does not attach criminality to any act previously done, and which was innocent when done, nor aggravate past crimes, nor increase the punishment therefor; nor does it alter the degree or lessen the amount or measure of the proof made necessary to conviction for such offenses.   Such alterations relate to modes of procedure only, which the State may regulate at pleasure, and in which no one can be said to have a vested right."   Suth. Stat. Con., sec. 468, p. 607; Hopt v. Utah, 110 U. S., 574; Laughlin v. The Commonwealth, 13 Bush, 261; Hart v. The State, 40 Ala., 32.

SIMKINS, JUDGE.—Appellant was convicted of the seduction, under promise of marriage, of one Tina Gorzell, and sentenced to a fine of $2000, from which he appeals to this court.

1. Appellant complains that the court erred in permitting the prosecutrix to testify, because the crime, if any, occurred before the 14th of July, 1891, at which time the act took effect permitting the seduced female to testify, and the action of the court above stated was retroactive and ex post facto in its nature, in violation of the Constitution.   Of course, it is not contended that the crime itself is thereby changed or aggravated, or a greater punishment inflicted.   The only ground upon which the objection is based is, that it required less evidence to convict by permitting the seduced woman to testify.   If this is true, it would be ex post facto.   Calder v. Bull, 3 Dall., 389; Murray v. The State, 1 Texas Ct. App., 428; Holt v. The State, 2 Texas, 363; Dawson v. The State, 6 Texas, 347.

It is certainly difficult to understand how opening new sources of light,

or increasing the means of proving or detecting crime, can be said to require less evidence, or become ex post facto. In Hopt v. Utah, 110 United States, 574, the Supreme Court of the United States declared a statute which enlarges the class of persons who may be competent as witnesses not ex post facto in its application to offenses previously committed. It does not attach criminality to any act previously done, aggravate past crimes, or increase punishment therefor; nor does it alter the degree or lessen the amount or measure of the proof necessary for conviction. Removing restrictions upon the competency of certain classes of persons as witnesses relates to modes of procedure only, in which no one can be said to have a vested right, and which the State, on grounds of public policy, may regulate at pleasure. Laughlin v. Commonwealth, 13 Bush, 261. The objection is not well taken.

2. The appellant objects to the charge of the court to the effect that if the jury believe that defendant and Tina Gorzell were well acquainted with each other, and the defendant, knowing the character of the said Tina Gorzell in the community, promised to marry her, and subsequently seduced her by virtue of said promise, he can not now avail himself of the character of the woman for want of chastity as a defense.

In Putman's case, 29 Texas Court of Appeals, 457, it seems to be held, that under Penal Code, article 814, there must be three concurring facts to constitute the crime of seduction as punishable by law: (1) A promise to marry; (2) seduction; and (3) carnal knowledge. Whether or not there can be such a thing as seduction without carnal knowledge, as asserted in the opinion, we think it is clear there can be a promise to marry and carnal knowledge without seduction; and that is when a woman has already lost her virtue and reputation, and the promise of marriage only induces a change of lovers, whether the promisor knew it or not. The evidence shows, that for four years past the reputation of the prosecutrix for chastity has been bad; that before appellant's promise of marriage was made she was generous and promiscuous in her favors; and specific acts were proved. If this testimony be true, appellant could not be guilty of seduction, whatever may have been his civil liability for breach of promise. Because the court erred in its charge as to the law, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.