

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 6, 1965

Honorable Jess M. Irwin, Jr.
Executive Director of Texas
  Department of Mental Health
  and Mental Retardation
Austin, Texas

Opinion No. C-560

Re: Whether the head of a
state mental hospital may
continue to transfer, fur-
lough and discharge after
January 1, 1966, a patient
committed to the hospital
under the provisions of
Article 932b of the Code
of Criminal Procedure.

Dear Mr. Irwin:

In a recent opinion request of this office you request
our opinion and advice as to the following questions:

     (1) May the head of a state mental hos-
pital continue to transfer, furlough and dis-
charge, after January 1, 1966, patients com-
mitted to said hospital under the provisions
of Article 932b, Vernon's Code of Criminal
Procedure.

     (2) In the event that the head of a state
mental hospital may not, after January 1, 1966,
lawfully transfer, furlough, and/or discharge
a person committed to his hospital under Arti-
cle 932b, then must the head of said hospital
release such person according to the provisions
of Article 46.02, Vernon's Code of Criminal Pro-
cedure, 1966, which becomes effective January
1, 1966.

     (3) If neither Article 932b, nor Article
46.02, prescribe the manner by which the head
of a state mental hospital is to release a
person committed to said hospital in accord-
ance with the provisions of Article 932b,
prior to January 1, 1966, then may the head
of said state mental hospital, after January
1, 1966, transfer, furlough and/or discharge
such person under the procedures outlined by

-2705-

the pertinent provisions of the Texas Mental
Health Code, codified as Articles 5547-1
through 5547-104, Vernon's Civil Statutes.

On January 1, 1966, the Code of Criminal Procedure of
Texas, 1966, Acts 1965, 59th Legislature, Chapter 722, be-
comes effective. Article 54.02 of said Code repeals old Arti-
cle 932b, which is effective until that date. Section 2 of
Article 932b provides as follows:

"A person committed to a State mental hos-
pital under this Act upon a jury finding of
insanity at the time of trial who has been ac-
quitted of the alleged offense is not by reason
of that offense a person charged with a crimi-
nal offense, and therefore the head of the
mental hospital to which he is committed may
transfer, furlough and discharge him and shall
treat him as any other patient committed for
an indefinite period."

As has been previously stated, said Article 932b, as
of January 1, 1966, will be replaced by Article 46.02. Sec-
tion 3 of said Article 46.02 provides as follows:

"A person committed to a State mental hos-
pital under this Article upon a jury finding
of insanity at the time of trial who has been
acquitted of the alleged offense is not by
reason of that offense a person charged with
a criminal offense. In the event the head of
the mental hospital to which he is committed
is of the opinion that the person is sane, he
shall so notify the court which committed the
person to the State mental hospital. Upon re-
ceiving such notice, the judge of the commit-
ting court shall impanel a jury to determine
whether the person is sane or insane. If the
jury finds the person is sane, he shall be re-
leased. If the jury finds the person is insane,
the Court shall order his return to the State
mental hospital until he is so adjudged to be
sane at a subsequent jury trial in such com-
mitting county."

We answer your first question in the negative. Since
Article 932b, supra, presently is the authority for a director

of a state mental hospital to transfer, furlough, and/or discharge a patient, its repeal as of January 1, 1966, will extinguish such authority. As of that date, the director will have no authority to transfer, furlough, and/or discharge a patient.

We answer your second question in the affirmative. As of January 1, 1966, the head of a state mental hospital must follow the procedure outlined in Article 46.02, with regard to the discharge of all persons admitted to said hospital either under the procedure outlined in Article 932b, or Article 46.02. It is apparent, of course, that there will be some persons admitted to said hospitals under 932b, supra, and who remain in said hospital until after January 1, 1966, and that Article 46.02, supra, was not even in existence at the time of their admission. It is our opinion, however, that such persons' rights would not be violated in any way by their having to comply with Article 46.02 in order to obtain their rlease from said hospital. The change brought about by Article 46.02 is procedural only, and said persons who were admitted to the hospital under 932b, supra, would not be deprived of any substantial rights by their having to follow the procedure outlined in 46.02. Sinclair v. State, 261 S.W.2d 167 (Tex.Crim. 1952), cert.den. 1953. No one has a vested right in particular remedies or modes of procedure. Mrous v. State, 21 S.W. 764 (Tex.Crim. 1893); James v. State, 163 S.W. 61 (Tex. Crim. 1914). Also, changes in remedies may be made available to trials for offenses committed before the law making the change takes effect, and to all proceedings pending at the time of their enactment. Barnett v. State, 63 S.W. 765 (Tex. Crim. 1900); Odenthall v. State, 290 S.W. 743 (Tex.Crim. 1926).

Also, attention is invited to Article 1.02 of the new Code of Criminal Procedure, which is as follows:

"This code shall take effect and be in force on and after January 1, 1966. The procedure herein prescribed shall govern all criminal proceedings instituted after the effective date of this Act and all proceedings pending upon the effective date hereof insofar as are applicable."

In addition to the authorities cited above, it is our opinion that Article 1.02 would require that the procedure outlined in 46.02 be followed with regard to persons admitted to state mental hospitals under Article 932b, prior to January 1, 1966.

In view of the fact that we have answered question number two (2) in the affirmative, stating that Article 46.02 must be followed with regard to persons admitted to state mental hospital under 932b, the third question posed by your opinion request becomes immaterial. Article 46.02, rather than the Texas Mental Health Code, should be followed with regard to disposition of persons admitted to state mental hospitals under Article 932b, supra.

## SUMMARY

After January 1, 1966, the head of a state mental hospital may not continue to transfer, furlough, and/or discharge patients committed to the hospital under the provisions of Article 932b. Article 46.02, supra, should be followed with regard to the disposition of such patients.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

SAM L. KELLEY
Assistant Attorney General

SLK/lh/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Charles B. Swanner
Tom Routt
W. O. Shultz
Scott Garrison

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright