**Marron Jefferson RITCHEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39815.**

Court of Criminal Appeals of Texas.

Oct. 26, 1966.

No attorney of record on appeal, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Commissioner.

The offense is statutory rape; the punishment, twenty years.

Trial was had after January 1, 1966, and governed by the provisions of the 1965, Vernon's Ann.Code of Criminal Procedure.

The record on appeal consists of a transcript of the proceedings in the cause certified to by the clerk and a separate statement of facts of the evidence adduced upon the trial, bearing the certificate of the official court reporter and approved by counsel for the state and the appellant and also by the trial judge.

Such record is not in compliance with the requirements of Art. 40.09 of the 1965 Code of Criminal Procedure that it be assembled under one cover and be approved by the trial court.

No brief is shown to have been filed by the appellant in the trial court pointing out the grounds of error of which he desired to complain on appeal, as required by Sec. 9 of Art. 40.09, supra.

While no grounds of error are presented by appellant for review, we have

considered as unassigned error, under the authority of Sec. 13 of Art. 40.09, supra, his objection to the court's action in permitting his former wife (the mother of prosecutrix) to testify as a witness against him at the trial.

 We perceive no error, as Art. 38.11 of the 1965 Code—in effect at the time of trial—permitted the former wife to testify against appellant in the case for the offense committed against her child under the age of sixteen years. The fact that Art. 38.11, supra, became effective after the date of the commission of the offense did not, as applied to the case, render it ex post facto and invalid. Mrous v. State, 31 Tex.Cr.R. 597, 21 S.W. 764 (reversed on other grounds). No less evidence was required to convict by virtue of the statute.

The judgment is affirmed.

Opinion approved by the court.