

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 26, 1973

The Honorable William H. Skelton, Chairman    Opinion No. H- 53
Board of Pardons and Paroles
Room 501, John H. Reagan Building      Re:   Application of amend-
Austin, Texas 78701                        ment to Article 42.12
                                           of Texas Code of
Dear Mr. Skelton:                       Criminal Procedure

Your letter requesting our opinion concerns the effect of amendments to Article 42.12, §15 of the Texas Code of Criminal Procedure which became effective on August 28, 1967. Prior to the amendment, the section provided, in part:

> "The Board [of Pardons and Paroles] is hereby authorized to release on parole, with the approval of the Governor, any person confined in any penal or correctional institution of this State, except persons under sentence of death, who has served one-fourth of the maximum sentence imposed. . . ."

Acts 1967, 60th Legs., p. 1745, Ch. 659, greatly expanded §15 which now provides in subsection (a):

> "The Board is hereby authorized to release on parole with the approval of the Governor, any person confined in any penal or correctional institution of this State, except persons under sentence of death, who has served one-third of the maximum sentence imposed. . . ."

Your letter raises the question of the propriety of applying the amended provision to persons tried prior to the effective date of the amendment but sentenced thereafter.

Article 1, § 16 of the Texas Constitution provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." An ex post facto law has been defined as one:

> " . . . which makes an act done before its passage and which was innocent when done, criminal; or which aggravates a crime and makes it greater than when committed; <u>or which changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed</u>; or which alters the legal rules of evidence and receives less, or different testimony than the law required at the time of the commission of the offense, in order to convict the offender. . . ." <u>Holt v. The State</u>, 2 Tex. 363, 364 (1847) (emphasis added)

In <u>Lindsey v. State of Washington</u>, 301 U.S. 397, 81 L. Ed. 1182 (1937), the statute governing the conditions of parole, etc., was amended between the time of the commission of the offense for which Lindsey was convicted and the time of his sentencing. He was sentenced under the new law. The Supreme Court held that the new law was more onerous making mandatory what before had only been a maximum sentence and said:

> "The Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer. . . . It is for this reason that an increase in the possible penalty is ex post facto . . regardless of the length of the sentence actually imposed. . . ." (301 U.S. at 401)

And see annotation, increased punishment for crime, 167 ALR 845 (1947).

In <u>Ex parte Algeria</u>, 464 S.W. 2d 868 (Tex. Crim. 1971), Algeria was convicted in 1961 and was sentenced to imprisonment for not less than five years nor more than life under the indeterminate sentence law then in effect [Art. 775, Vernon's Annotated Code of Criminal Procedure, (1925), now Article 42.09, Vernon's Annotated Code of Criminal Procedure, (1965)]. Prior to the 1967 amendments to Article 42.12 § 15, a person serving a life sentence was eligible for parole upon accumulation of credit for 15 years. The 1967 amendment increased this to 20 years. After reviewing numerous decisions of the courts and other jurisdiction, the Court of Criminal Appeals concluded:

> "It is well settled that a legislative act increasing the sentence to be given an offender for a crime committed before the law is enacted would be ex post facto and constitutionally prohibited." (464 S.W. 2d at 872)

It recognized that a more complicated question was presented when the enactment did not increase the sentence but, in some other manner, altered the punishment to the detriment or disadvantage of the person convicted. It noted that application of the amendment of Article 42.12, § 15, to Algeria's sentence would require that he remain in confinement a greater length of time before being eligible for parole. It said:

> "Under both the federal and state constitutions, the retroactive application of the 1967 amendment to Article 42.12, § 15(a), supra, to this petitioner's life sentence is violative of the ex post facto principle and petitioner's eligibility for parole is to be determined in accordance with former Article 781d, V.A.C.C.P. in effect at the time of his conviction." (464 S.W. 2d at 874 to 875)

It is, therefore, our opinion that with reference to the prisoner about whom you have inquired, his sentence is to be served pursuant to the terms of the Code of Criminal Procedure in existence at the time of the commission of the crime and not as those provisions were later amended. In this case he need only serve one-fourth of his time before being eligible for parole.

The Honorable William H. Skelton, page 4 (H-53)

## SUMMARY

The sentence to be imposed upon and the manner in which it is to be served by a person convicted of a crime is to be determined by the statutes existing at the time of the commission of the crime, and any effort to invoke statutes later enacted is the imposition of an ex post facto law prohibited both by the Constitution of the State of Texas and by the Constitution of the United States.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee