## Ex parte Steven ABAHOSH.

### No. 56560.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 8, 1978.

Paul W. Pearson, Dallas, for appellant.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a habeas corpus proceeding in Criminal District Court No. 3 of Dallas County wherein the court denied relief. Petitioner contends the trial court's refusal to allow appeals from his two convictions and to set bail pending those appeals constituted an ex post facto application of procedural rules which were not in effect at the time of his guilty pleas. He urges that he should be released on bail pending the final disposition of his appeals.

The record before this court is meager to say the least. It appears that on August 5, 1977 the appellant in bench trials entered guilty pleas to the offenses of felony theft and possession of dilaudid. His punishment in each case was assessed at six (6) years' imprisonment upon recommendation of the State as a result of a plea bargain. The judgments in both cases are dated August 5, 1977. The sentences were not imposed until September 9, 1977. The reason for the delay does not appear from the record nor does it appear whether or not motions for new trial were filed. Petitioner asserts and the court's findings reflect that notice of appeal in each case was given on September 9, 1977. However, the court refused to permit the appeals or to set bail.

While the 1977 amendment to Article 44.-02, V.A.C.C.P. (effective August 29, 1977) is not mentioned in the court's order denying relief in the habeas corpus proceeding, it is obvious the court relied upon the same. The order reflects in part that "[n]o motions were filed in either case by either Petitioner or his counsel prior to the entry of his pleas in these cases. No permission to appeal in either case was ever obtained from the trial court."

Prior to August 29, 1977 said Article 44.-02 provided an absolute right to a defendant to appeal his conviction under certain prescribed rules. The amendment to said Article reads:

"A defendant in any ˙criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial." Acts 1977, 65th Leg., p. 940, ch. 351, § 1, eff. August 29, 1977. (Underlined portion constitutes the amendment to the statute.)

At the time of the plea bargain, the bench trials upon the guilty pleas, the State's recommendation as to punishment and the entry of the judgment in each case assessing punishment the aforesaid amendment was not in effect. Said amendment was in effect at the time of the imposition of the sentences and the notice of appeal. The question thus presented is whether, under these circumstances, the trial court had the authority to deny the appeals upon the basis of the amendment to said Article 44.02. Prior to the said amendment the trial court had no authority to deny an appeal.

Article I, § 16 of the Texas Constitution provides:

"Sec. 16. No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

In the Interpretive Commentary to said provision of the State Constitution (Vernon's Constitution· of the State of Texas, Annotated, Vol. I, pp. 371, 372), it is stated in part:

"An ex post facto law, constitutionally speaking, is one that makes an action done before the passage of the law, and which was innocent when done, criminal, and punishes such action, *De Cordova v. Galveston*, 4 Tex. 470 (1849); that aggravates a crime, or makes it greater than it was when committed, *Holt v. State*, 2 Tex. 363 (1847); that changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed, *Holt v. State, supra* ; or which changes the rules of evidence, and receives less or different testimony, than the law required at the time of the commission of the offense in order to convict the offender. *Holt v. State, supra.* Although ordinarily laws changing procedure are not within the inhibition, still if a procedural change is retroactive and results in depriving the accused of substantial protection, it is unconstitutional. *Ex parte Roper*, 61 Cr.R. 68, 134 S.W. 334 (1911).

"The Texas Constitution goes further than the United States Constitution for the former is not confined to forbidding ex post facto laws, i. e., retroactive penal legislation, but it also lays a ban on any retroactive law. In prohibiting retroactive laws, the Texas Constitution seeks to safeguard rights not guaranteed by other constitutional provisions such as the impairment of the obligation of contracts and due process of law clauses. *Mellinger v. City of Houston*, 68 Tex. 37, 3 S.W. 249 (1887).

"A retroactive law is one meant to act on things that are past. As such, a statute is retroactive which takes away or impairs vested rights acquired under ex-

isting laws, or creates new obligations, imposes new duties, or adopts a new disability in respect to transactions or considerations already past, and which affects acts or rights accruing before it came into force. *Turbeville v. Gowdy*, Civ. App., 272 S.W. 559 (1925)."

■ In addition, there is the general rule that statutes are not to be applied retroactively. *Ridyolph v. State*, 545 S.W.2d 784 (Tex.Cr.App.1977); *Pesch v. State*, 524 S.W.2d 299 (Tex.Cr.App.1975). Further, in *Jones v. State*, 72 Tex.Cr.R. 504, 163 S.W. 81 (1914), it was held that the proper procedure is governed by the laws in force at the commencement of the trial.

■ At the time of the guilty pleas and the entry of the judgments assessing punishment, appellant's plea bargain did not give the trial court the authority to nullify his right of appeal. To apply the 1977 amendment of Article 44.02, supra, retroactively merely because there was a delay and the imposition of sentence and the giving of the notice of appeal were after the effective date of the amendment would result in depriving the petitioner of substantial protection—the right of appellate review. See *Ex parte Roper,* supra. This would be a violation of Article I, § 16 of our State Constitution, and further violate fundamental fairness embodied in "the due course of the law of the land." Article I, § 19, Texas Constitution.

The relief prayed for is granted. Petitioner is entitled to his appeals though they now be out-of-time appeals. The trial court will now take steps to accord the petitioner his right of appeal in each case in accordance with Article 40.09, V.A.C.C.P.

It is so ordered.

DOUGLAS, J., concurs.

ODOM, Judge, concurring.

I concur in the conclusion that relief should be granted because application of the amended version of Article 44.02, V.A. C.C.P., to petitioner's cases would violate the Texas Constitution's prohibition against ex post facto laws (Art. I, Sec. 16). I do so,

however, on different reasoning than that expressed in Presiding Judge Onion's opinion.

Article 44.02, V.A.C.C.P., as amended effective August 29, 1977, provides:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, *except on those matters which have been raised by written motion filed prior to trial.*" (Emphasis added.)

Judgments in petitioner's cases were entered August 5, 1977, prior to the effective date of the amendment to Art. 44.02, supra. The process of applying the new statute, under the emphasized language above (and other conditions in the statute) of necessity requires a consideration of pre-trial events in the judicial process. For petitioner's cases, this means application of the amended statute to him requires an examination of judicial events prior to August 5, 1977. Application of the statute, by its very terms, reaches to earlier judicial events than any notice of appeal and thus the issue here is not determined by the date of that event. To allow application of this statute to these cases would violate the prohibition against ex post facto laws in that events in the continuous judicial process occurring prior to its effective date would be determinative in the process of its application.

On this basis I concur in the order granting relief.