Claude Edward PARKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 61505.

Court of Criminal Appeals of Texas.

Oct. 10, 1979.

Rehearing En Banc Denied
Nov. 14, 1979.

Dan D. Pitzer, Duncanville, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty. and J. T. Langford, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for driving while intoxicated. Art. 6701*l*–1, V.A.C.S. Following appellant's plea of nolo contendere before the court, punishment was assessed at three (3) days in jail and a fine of two hundred and fifty ($250) dollars.

In his sole ground of error, appellant contends that the trial court erred in failing to consider the full range of punishment which could be imposed following appellant's conviction. The trial court stated that appellant was not eligible for misdemeanor probation under Art. 42.13, V.A.C.C.P. Appellant maintains that he was eligible for probation in spite of the fact that he had been granted probation in another cause for driving while intoxicated some twelve (12) days earlier, due to the fact that the previous order granting probation was on appeal to this Court.

The trial court recognized that appellant's prior misdemeanor conviction for a like offense in which probation was granted had been appealed. The court found that since the misdemeanor statute,[1] unlike the felony probation statute, did not refer to "final conviction," that appellant was not eligible for probation. The appellant points to the court's statement that it would grant appellant probation if he were eligible.

We find it unnecessary to reach the question of whether the trial court was in error in holding that appellant was not eligible for probation under the former misdemeanor probation statute.

Art. 42.13, Sec. 8(b), V.A.C.C.P.[2] provided:

"The refusal of a court to grant probation [in misdemeanor cases] is not appealable

1. Art. 42.13, Sec. 3(a)(2) (repealed effective August 27, 1979) provided that a defendant was eligible for probation if:

"he has not been granted probation nor been under probation under this Act or any other Act in the preceding 5 years; provided that the court may grant probation regardless of the prior probation of the defendant, except for a like offense within the last 5 years;"

2. We note Art. 42.13, supra, was repealed effective August 27, 1979. See, Acts 1979, 66th

Leg., p. 1514, ch. 654, Sec. 1. New Art. 42.13, Sec. 8(b), V.A.C.C.P. provides:

"Any probationer who removes himself from the State of Texas without permission of the court having jurisdiction of the case shall be deemed and considered a fugitive from justice and shall be subject to extradition as now provided by law. No part of the time that the defendant is on probation shall be considered as any part of the time that defendant shall be sentenced to serve. The right of the probationer to appeal to the

unless the jury hearing the case has recommended probation in its verdict and the defendant has satisfied the requirements of Sec. 3(a)(1), (2), (3), and (4) of this Article."

In light of the foregoing provision of Art. 42.13, supra, the failure of the trial court to grant probation in a misdemeanor case "is not appealable" unless the exception set forth in the statute exists. In the instant case such exception clearly did not exist since trial was before the court.

The appeal is dismissed.

Court of Criminal Appeals for a review of the trial and conviction as provided by law shall be accorded the probationer at the time the defendant is placed on probation. When the probationer is notified that his probation is revoked for violation of the conditions of probation and he is called on to serve a sentence in jail or in an institution operated by the Texas Department of Corrections, he may appeal the revocation."

Appellant was convicted, sentenced, and gave notice of appeal on October 16, 1978. Therefore, this attempted appeal is governed by the statute in effect at the commencement of appellant's trial. See, Ex Parte Abahosh, 561 S.W.2d 202; Jones v. State, 163 S.W. 81.