**Roland HARPER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3–84–074–CR.**

Court of Appeals of Texas,
Austin.

Feb. 20, 1985.

---

**3.** *See supra* note 2.

Laura M. Little, Georgetown, Burt Carnes, Taylor, for appellant.

Edward J. Walsh, Dist. Atty., Ken Anderson, Asst. Dist. Atty., Georgetown, for appellee.

Before POWERS, EARL W. SMITH and CARROLL, JJ.

PER CURIAM.

A jury found appellant guilty of involuntary manslaughter. Tex.Pen.Code Ann. § 19.05(a)(2) (1974). After appellant entered a plea of true to the enhancement paragraphs alleging two previous felony convictions for driving while intoxicated, the jury assessed punishment at imprisonment for life. Tex.Pen.Code Ann. § 12.-42(d) (Supp.1985). Finding appellant's

three grounds of error to be without merit, we affirm the judgment of conviction.

This cause arises out of a multi-vehicle traffic accident that occurred shortly after midnight on April 3, 1983, at the intersection of U.S. Highway 183 and Ranch Road 620 in far northwest Austin. The evidence reflects that appellant was driving his pickup truck south on Highway 183 at approximately forty miles per hour when he struck from the rear a Ford Maverick that was stopped at the intersection in obeyance to a red traffic light. Both the testimony of witnesses and physical evidence at the scene indicated that appellant made no effort to stop before hitting the Maverick, which was spun into the middle of the intersection by the force of the impact.

Appellant's vehicle continued through the intersection, then swerved left into the northbound traffic. The truck next hit a motorcycle, killing the rider, Charles Hestand. After hitting the motorcycle, appellant's truck sideswiped a Chevrolet Monte Carlo and then collided with the guardrail on the east side of Highway 183, where it finally came to rest.

The emergency medical personnel who treated appellant at the scene of the accident and the physician who treated appellant at the hospital testified that appellant smelled strongly of alcoholic beverage and described his behavior as incoherent and uncooperative. All were of the opinion that appellant was intoxicated. A blood test performed at the hospital showed appellant's blood alcohol level to be .26 percent. Appellant does not challenge the sufficiency of the evidence to support his conviction for the involuntary manslaughter of Hestand.

■ In his first ground of error, appellant contends the trial court erred in overruling his motion to suppress testimony by Austin police officer C.F. Adams concerning the discovery of a wine bottle in appellant's pickup. Adams, one of two Austin police officers specially assigned to investi-

gate serious traffic accidents, was in charge of gathering and preserving the physical evidence at the scene of the instant accident. During the course of his investigation, Adams followed a trail of liquid as it crossed Highway 183 from the southbound lanes through the northbound lanes and ended at the radiator of appellant's pickup. Appellant had already been taken to the hospital and the truck's left door was open. Looking inside the truck, Adams saw a bottle partially wrapped in an opaque plastic bag lying in the floorboard beneath the steering wheel. Adams picked up the bottle and read the label, which disclosed that the bottle contained wine. The bottle was almost empty.

We disagree with appellant's contention that Adams' testimony was the product of an unlawful search of his truck. To the contrary, we find that Adams' actions were justified under the plain view doctrine. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); *Williams v. State*, 668 S.W.2d 692, 699 (Tex.Cr.App.1983). As he stood outside the pickup, Adams was unquestionably in a legitimate position to view the bottle lying on the floorboard. Adams' discovery of the bottle was inadvertent. Finally, Adams' observations at the scene, combined with his training and experience in the investigation of traffic accidents,[1] gave him probable cause to believe the bottle was seizable as evidence of a crime. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends the result of the blood alcohol test conducted while he was hospitalized immediately following the accident was privileged and, therefore, inadmissible over his objection. Appellant relies on Tex. Rev.Civ.Stat. art. 4495b as enacted in 1981 and in effect at the time the blood test was conducted. *See* 1981 Tex.Gen.Laws, 1st

---

1. Adams testified he had received special training in accident investigation and had investigat-

ed several hundred traffic accidents.

Spec.Sess., ch. 1, § 1 at 1. This statute provides, in pertinent part, that records of the evaluation or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed except as otherwise provided by the statute. *See* art. 4495b, § 5.08(b), *supra.* [2] Although this statute as originally enacted was subject to several exceptions, none were applicable to the instant cause.

Effective September 1, 1983, while appellant's trial was in progress, art. 4495b was amended to create an exception to the confidentiality of patient records in any criminal prosecution where the patient is a victim, witness, or defendant. *See* Tex.Rev. Civ.Stat.Ann. art. 4495b, § 5.08(g)(8) (Supp. 1985). The result of the blood alcohol test was offered and introduced in evidence at appellant's trial on the day this amendment took effect. Appellant argues that this constituted an unconstitutional *ex post facto* application of § 5.08(g)(8).

In *Ritchey v. State*, 407 S.W.2d 506 (Tex. Cr.App.1966), the defendant contended the trial court erroneously permitted his wife to testify against him at his trial for statutory rape. The court held:

> We perceive no error, as Art. 38.11 of the 1965 Code [Tex.Code Cr.P. art. 38.11]—in effect at the time of trial—permitted the former wife to testify against appellant in the case for the offense committed against her child under the age of sixteen years. The fact that Art. 38.11, supra, became effective after the date of the commission of the offense did not, as applied to the case, render it ex post facto and invalid. [Citation omitted.] No less evidence was required to convict by virtue of the statute.

407 S.W.2d at 507. *See also Miller v. State*, 468 S.W.2d 818, 823 (Tex.Cr.App. 1971). As in *Ritchey*, no less evidence was required to convict appellant by virtue of the 1983 amendment to art. 4495b, § 5.08,

and the trial court did not err in admitting the result of the blood test.

■ Finally, appellant contends the trial court erred at the punishment stage by refusing his requested charge on temporary insanity caused by voluntary intoxication. Tex.Pen.Code Ann. § 8.04 (1974). We find, however, that a person convicted of involuntary manslaughter under § 19.-05(a)(2), *supra*, cannot rely on § 8.04.

A finding that the statutory elements of § 19.05(a)(2) have been fulfilled constitutes, *as a matter of law*, a finding of reckless conduct; that is, a finding that the defendant was aware of but consciously disregarded a substantial and unjustifiable risk that by reason of his operation of a motor vehicle while intoxicated he would cause the death of an individual by accident or mistake. *Guerrero v. State*, 605 S.W.2d 262 (Tex.Cr.App.1980); *Ormsby v. State*, 600 S.W.2d 782 (Tex.Cr.App.1979). Because, as a matter of law, appellant was aware of but consciously disregarded the risk, he cannot logically assert that, as a result of the very intoxication that is an element of the offense under § 19.05(a)(2), he did not know his conduct was wrong or was incapable of conforming his conduct to the requirements of the law. Tex.Pen. Code Ann. § 8.01(a) (1974), in effect at the time of the instant offense.

■ We also find that the evidence on which appellant relies does not raise an issue of temporary insanity. This evidence reflects that appellant has been an alcoholic for over twenty years. In addition, appellant suffers from a heart condition and emphysema, for which he takes numerous drugs. The doctor who treated appellant following the accident testified that a person who took such drugs could suffer certain serious side effects including delusions, disorientation, and confusional states. However, there was no evidence offered at trial to indicate that appellant suffered such side effects, although his

---

**2.** For the purpose of this opinion, we assume, as have the parties, that the result of the blood test, which was expressly ordered by a physician to assist the diagnosis of appellant's injuries but performed by a laboratory technician, was confidential under § 5.08(b).

wife testified that he occasionally experienced memory losses and brief blackouts.

Appellant's wife also testified that on the evening in question appellant "wasn't looking right." After taking "a couple of drinks of beer," appellant drove off in his pickup without explanation. One of the emergency medical technicians who treated appellant described his behavior as bizarre and abnormal. As for appellant, his only memory of the evening in question was eating dinner several hours before the accident.

Unquestionably, appellant was very drunk when he struck and killed the deceased with his pickup. However, there is nothing in the evidence to indicate that, as a result of this intoxication, appellant did not know his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he violated. *Hart v. State,* 537 S.W.2d 21 (Tex.Cr.App.1976). This ground of error is overruled.

The judgment of conviction is affirmed.