**Jerry Don BLUNT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 367–86.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 11, 1987.

John A. Neal, R. Stephen Moore, Graham, for appellant.

Timothy D. Eyssen, Dist. Atty., Graham, Robert Huttash, State's Atty., and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

This proceeding involves an appeal from an order revoking probation.

On October 25, 1984, appellant entered a guilty plea before the court to an indictment charging him with forgery. The court assessed punishment at three years' imprisonment, but suspended the imposition of sentence and placed appellant on probation subject to certain conditions. In a second amended motion to revoke probation filed on March 11, 1985, it was alleged, inter alia, that appellant had violated his probationary conditions in that he did not avoid the use of alcoholic beverages on or about March 9, 1985, and on the same date did not deport himself so as not to injure his own health.

On April 25, 1985, the court, after a hearing on said revocation motion, revoked probation on the basis of the violations of

---

the two probationary conditions set forth above. Sentence was imposed and notice of appeal was given.

On appeal it was contended that the trial court erred in admitting at the hearing on the motion to revoke probation the testimony of a laboratory technician, Mike Stevens, as to the communication between the attending doctor and the appellant. It was also contended the trial court erred in admitting evidence of appellant's medical records, including his identity as well as results of a blood test ordered by the attending physician and under his instruction, for the diagnosis evaluation and treatment of the appellant, the physician's patient. Appellant relied upon Article 4495b, § 5.08(a) and (b), V.A.C.S. (The Medical Practice Act).

The Fort Worth Court of Appeals reversed the judgment and remanded the cause to the trial court. *Blunt v. State*, 703 S.W.2d 429 (Tex.App.—Ft. Worth 1986). The Court of Appeals found the testimony of Stevens as to the communications between Dr. Smith and appellant admissible, but concluded that under Article 4495b, § 5.08(a), supra, the evidence of the results of medical records, including the results of the blood test, was inadmissible and reversible error resulted in its admission at the revocation hearing. We granted the State's petition for discretionary review to determine the correctness of the holding of the Court of Appeals, particularly in light of *Harper v. State*, 686 S.W.2d 738, 741 (Tex.App.—Austin 1985). *Harper*, decided prior to the instant case, held that, even assuming the results of a physician ordered blood-alcohol test conducted on a defendant following an automobile accident were, by statute (Article 4495b, § 5.08, supra), confidential, an amendment to said statute (§ 5.08(g)(8)) created an exception to the confidentiality where the patient is a victim, a witness, or the defendant in any criminal prosecution, and such results were admissible.

At the revocation hearing it was shown that the appellant had a problem with alcohol. Mike Stevens, a laboratory technician at Graham General Hospital, testified that on the evening of March 9 or early morning hours of March 10, 1985, appellant was brought to the emergency room of the hospital in a "non responsive" condition. Stevens related that at the direction of Dr. John Smith, the attending physician, he drew a blood specimen from the appellant for testing as to a blood count and alcohol content. Over timely objection Stevens was permitted to testify as to a conversation between Dr. Smith and the appellant. Stevens testified:

"A. Dr. Smith stated to Mr. Blunt that he evidently was allergic to alcohol and that if he kept on it would probably kill him some day.

"Q. Mr. Blunt responded that he realized that would happen.

"A. Yes, sir."

Stevens also testified as to logging the blood specimen taken into the laboratory records, and other procedures, and the sending of the specimen to the International Clinical Laboratory in Ft. Worth.

Harold Stinson, Chief Laboratory Director at the Graham Hospital, also testified as to the procedures involved and the receipt of the results of the test on the blood specimen drawn from the appellant. Over timely objection he testified that the results showed that at the time appellant had 0.105 blood alcohol in his system.

Article 4495b, supra, provides in pertinent part:

"Sec. 5.08. (a) Communications between one licensed to practice medicine, relative to or in connection with any professional services as a physician to a patient, is confidential and privileged and may not be disclosed *except as provided in this section.*

"(b) Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed *except as provided in this section.*

\*　　\*　　\*　　\*　　\*　　\*

"(g) Exceptions to confidentiality or privilege in court or administrative proceedings exist:

"(1) * * *

"(8) in any criminal prosecution where the patient is a victim, witness, or defendant...."

It is observed that the exception contained in § 5.08(g)(8) became effective September 1, 1983, prior to the 1985 revocation hearing in question. (Acts 1983, 68th Leg., p. 4980, ch. 890, § 2.) The testimony as to the communication between the physician and the appellant patient and the medical records, including results of the blood test, were admissible.[1] See *Harper v. State,* supra.

The judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

---

1. By order of the Texas Supreme Court dated November 23, 1982, effective September 1, 1983, adopting the Texas Rules of Evidence, § 5.08 of Article 4495b, supra, was deemed to be *repealed insofar as it related to civil actions* by the Rules of Practice Act, Acts 1939, 46th Leg., p. 201, § 1, classified as Article 1731a, § 1, V.A.C.S. (repealed, see now, V.T.C.A., Government Code, § 22.004). See now Rule 509, Texas Rules of Evidence.

By order of the Texas Court of Criminal Appeals dated December 18, 1985, effective September 1, 1986, adopting the Texas Rules of Criminal Evidence, § 5.08 of Article 4495b is deemed *repealed as it relates to criminal cases and criminal law matters* pursuant to Acts 1985, 69th Leg., ch. 685, effective August 26, 1985, classified as Article 1811f, V.A.C.S. The repeal is effective simultaneously with the effective date of the comprehensive body of the rules of evidence promulgated by the Court of Criminal Appeals. See now Rule 509, Texas Rules of Criminal Evidence.