### Ex parte Mitchell Grove COLE.

### No. 2–00–226–CR.

Court of Appeals of Texas, Fort Worth.

April 12, 2001.

Danny D. Burns, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Sharon A. John, Fort Worth, for Appellee.

Panel CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

DAY, Justice.

Mitchell Grove Cole appeals the denial of his post-conviction application for writ of habeas corpus seeking bond pending appeal. In two issues, Appellant contends the trial court erred by retroactively applying article 44.04(b) of the code of criminal procedure, as amended effective September 1, 1999, to his cases already on

appeal at the time and by failing to reinstate his bonds in the original amount of $20,000. We affirm.

On January 21, 1999, Appellant was convicted of two instances of aggravated assault on a public servant with a deadly weapon and sentenced to 10 years' confinement in each case, the sentences to run concurrently. In April 1999 Appellant's bond pending appeal was set at $20,000 in each case, and Appellant posted bond on April 22, 1999. On October 8, 1999, the surety on Appellant's bonds filed an affidavit to surrender Appellant on the basis that he was "back in jail on another charge with a hold no bond," and the surety was released from liability on the bonds. The trial court denied Appellant's subsequent motion to reinstate bond pending appeal, and Appellant filed the underlying application for writ of habeas corpus. After a hearing, the trial court denied habeas relief.

■ In his first issue, Appellant contends the trial court violated his constitutional rights by retroactively applying amended article 44.04(b) of the code of criminal procedure to his cases which were already on appeal at the time the amended version took effect.[1] At the time of Appellant's convictions, article 44.04(b) allowed for an appeal bond if the punishment was 15 years' confinement or less.[2] Effective September 1, 1999, however, article 44.04(b) was amended to prohibit the release of a defendant on bond pending appeal from a felony conviction where the punishment equals or exceeds 10 years' confinement.[3] The amendment is applicable to a request for bail pending appeal made on or after September 1, 1999.

Article 1, section 16 of the Texas Constitution provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."[4] Appellant contends application of amended article 44.04(b) violates both the ex post facto and the retroactive laws provisions because the law at the time of his convictions allowed for an appeal bond where the sentence was 15 years or less.

■ An ex post facto law is one that (1) punishes as a crime an act previously committed which was innocent when done, (2) changes the punishment and inflicts a greater punishment than the law attached to the criminal offense when committed, (3) deprives a person charged with a crime of any defense available at the time the act was committed, or (4) alters the legal rules of evidence and requires less or different evidence than the law required at the time of the commission of the offense.[5] In this case, application of article 44.04(b), as amended, does not punish as a crime an act previously committed which was innocent when done; it does not make more burdensome the punishment for a crime after its commission; it does not deprive Appellant of any defense available according to law at the time when he committed the offense; and, it does not alter or reduce the quantum of evidence required to convict Appellant of an offense. Its appli-

1. Tex Const. art. 1, § 16; Tex.Code Crim.Proc. Ann. art. 44.04(b) (Vernon Supp.2001).

2. See Act of May 30, 1983, 68th Leg., R.S., ch. 425, § 26, 1983 Tex.Gen.Laws 2361, 2416, amended by Act of May 19, 1999, 76th Leg., R.S., ch. 546, § 1, 1999 Tex.Gen.Laws, 3042, 3042–43 (current version at Tex.Code Crim. Proc.Ann. art. 44.04(b) (Vernon Supp.2001)).

3. Tex.Code Crim.Proc.Ann. art. 44.04(b).

4. Tex. Const. art. 1, § 16.

5. Carmell v. Texas, 529 U.S. 513, 522, 120 S.Ct. 1620, 1627, 146 L.Ed.2d 577 (2000); Grimes v. State, 807 S.W.2d 582, 584 (Tex. Crim.App.1991).

cation to Appellant, therefore, is not prohibited by the ex post facto clause of the constitution.[6]

■ The retroactive laws provision operates only to prohibit the application of statutes which disturb vested, substantive rights.[7] Laws that alter procedure only do not generally fall within the prohibition.[8] A criminal defendant is not constitutionally guaranteed the right to bail pending appeal.[9] At the time Appellant committed the offenses, a defendant who had been convicted of a felony offense was eligible for an appeal bond if his sentence was 15 years or less. At that time, the procedural mechanisms defining eligibility for an appeal bond were neither vested nor substantive rights possessed by Appellant.[10] The amended statute merely makes convicted felons sentenced to ten or more years' imprisonment, like Appellant, ineligible for bail pending appeal. It neither limits his right to appeal nor increases his sentence; instead, it is simply a procedural statute governing the post-conviction process.[11] Therefore, amended article 44.04(b) does not violate the prohibition against retroactive laws in the Texas Constitution.

Moreover, amended article 44.04(b) was applied in this case only after the effective date of the amendment. Appellant filed his motion to reinstate his appeal bonds on March 2, 2000, nearly five months after his bonds were held insufficient and his surety released. In the motion, Appellant requested that his prior bonds be reinstated or, in the alternative, that the trial court "permit substitution of said appeal bonds with new bonds incorporating those conditions deemed appropriate by the Court." Because there were no bonds in effect at the time, we agree with the trial court that Appellant's March 2 motion was a request for bail pending appeal made after the effective date of amended article 44.04(b). Consequently, amended article 44.04(b) was applicable, and the trial court properly denied bail pending appeal on the basis that Appellant's punishment equals 10 years' confinement in each case.

■ Finally, under either version of article 44.04, the trial court could deny bail pending appeal when it appeared likely that the defendant would commit another offense while on bail.[12] Here, Appellant's surety surrendered Appellant on the basis that he was "in jail on another charge with a hold no bond," and the trial court made a specific finding after the hearing on Appellant's motion to reinstate that he had a history of violating conditions of bail due to "multiple instances of urinalysis testing positive for controlled substances." Based on these facts, the trial court could have concluded that Appellant would commit another offense while on bail. Appellant's first issue is overruled.

In his second issue, Appellant argues the trial court erred in failing to reinstate his bonds in the original amount of $20,000 based on defense counsel's assertion that the bondsman was willing to assume liabili-

---

6. *See Grimes,* 807 S.W.2d at 584; *Cortez v. State,* 36 S.W.3d 216, 220 (Tex.App.—Houston [14th Dist.] 2001, pet. filed).

7. *Ibarra v. State,* 11 S.W.3d 189, 192 (Tex. Crim.App.1999), *cert. denied,* —— U.S. ——, 121 S.Ct. 79, 148 L.Ed.2d 41 (2000).

8. *Id.*

9. *Ex parte Lowe,* 573 S.W.2d 245, 247 (Tex. Crim.App. [Panel Op.] 1978); *see also* Tex. Const. art. 1, § 11.

10. *Cortez,* 36 S.W.3d at 220.

11. *Id.; see also Grimes,* 807 S.W.2d at 587–88.

12. Tex.Code Crim.Proc.Ann. art. 44.04(c).

ty on the bonds and because the trial court previously determined the appropriate bond amount to be $20,000. Having ruled against Appellant on his first issue, however, it is not necessary to address his argument under this issue.[13] Appellant's second issue is overruled.

The judgment of the trial court is affirmed.

DAUPHINOT, J., filed a dissenting opinion.

DAUPHINOT, Justice, dissenting.

I respectfully dissent from the majority's holding that the application of amended article 44.04(b) in this case does not violate the Texas Constitution's prohibition against retroactive laws.[1]

In *Grimes v. State*, the court of criminal appeals recognized that an unconstitutional retroactive law is one that "disturb[s] vested, substantive rights."[2] In so holding, the court relied on the Texas Supreme Court's decision in *Ex parte Abell*, wherein that court stated:

It is well settled in this state that laws may not operate retroactively to deprive or impair vested substantive rights acquired under existing laws, or create new obligations, impose new duties, or adopt new disabilities in respect to transactions or considerations past. On the other hand, no litigant has a vested right in a statute or rule which affects remedy or is procedural in nature and which affects no vested substantive right. Changes in such statutes or rules are considered remedial in nature and have been held not to violate the provisions of Article I, sec. 16 of the Constitution.[3]

As I see it, the issue before us is whether the right to *request* bail (as opposed to the right to be *released* on bail) is a vested, substantive right. Because Appellant was entitled to request bail at the time of his conviction and punishment, and because he has previously requested bail, posted bond, and been released, I would hold that such right is vested and substantive.[4]

The court of criminal appeals held in *Ex parte Abahosh* that an amendment to article 44.02, providing that a defendant could not appeal a plea-bargained conviction without permission of the trial court unless he had raised appealable issues in a pretrial motion, was unconstitutionally retroactive as applied to a defendant, who at the time of his trial and conviction, had an absolute right to appeal.[5] Quoting from the Interpretive Commentary to article I, section 16 of the Texas Constitution, the court stated: "Although ordinarily laws changing procedure are not within the inhibition [ex post facto], still if a procedural change is retroactive and results in depriving the accused of substantial protection, it is unconstitutional."[6] The *Abahosh* court went on to state that "[i]n addition, there is a general rule that statutes are not to be applied retroactively.... Proper proce-

---

13. Tex.R.App.P. 47.1.

1. Tex. Const. art. I, § 16; Tex.Code Crim.Proc. Ann. art. 44.04(b) (Vernon Supp.2001).

2. *Grimes v. State,* 807 S.W.2d 582, 587 (Tex. Crim.App.1991).

3. *Ex parte Abell,* 613 S.W.2d 255, 260 (Tex. 1981) (citations omitted).

4. *See* Act of May 30, 1983, 68th Leg., R.S., ch. 425, § 26, 1983 Tex.Gen.Laws 2361, 2416, *amended by* Act of May 19, 1999, 76th Leg., R.S., ch. 546, § 1, 1999 Tex.Gen.Laws, 3042, 3042–43 (current version at Tex.Code Crim. Proc.Ann. art. 44.04(b) (Vernon Supp.2001)).

5. *Ex parte Abahosh,* 561 S.W.2d 202, 203–04 (Tex.Crim.App. [Panel Op.] 1978).

6. *Id.* at 203.

dure is governed by the laws in force at the commencement of the trial." [7]

In *Grimes,* the court tangentially revisited *Abathosh* in discussing ex post facto prohibitions, but not in discussing retroactive application of laws. The court held that amended article 44.29(b), which altered existing law by providing that reversible error made during the punishment stage of the trial warranted a new punishment hearing only, rather than an entirely new trial, did not violate the prohibition against retroactive legislation when applied to an appeal that was pending at the time the statute was amended. [8] The court based its holding on the following observation:

> Assuming without deciding that Article 1, Section 16's proscription against retroactive legislation is applicable to criminal cases, that provision has never been made applicable to statutes merely affecting matters of procedure which do not disturb vested, substantive rights. [9]

In a footnote, the court further observed:

> In using the concept of "substantial" or "vested" rights the Court of Appeals apparently drew on the test for evaluating retrospective laws only appropriate in a civil context and inappropriate in an *ex post facto* analysis of criminal laws conducted under the [F]ederal Constitution. This test may be proper, however, in analyzing whether legislation may be applied retroactively under the State Constitution. [10]

The court of criminal appeals has held that a vested, substantive right is not disturbed by: (1) changing warrant rules; (2) changing the harmless error rule; or (3) restricting subsequent habeas writs. [11] The court has, however, held that retroactive application of the holding that the Speedy Trial Act is unconstitutional to a case that was dismissed for a violation of that act does disturb a vested, substantive right. [12]

In considering the ex post facto application of parole laws, Judge Keller wrote:

> [W]hile the improper ex post facto application of parole statutes falls within the purview of this Court, the decision to release or not release an inmate, even though he is eligible for parole, remains within the sound discretion of the Board of Pardons and Paroles. [13]

Although Judge Keller was discussing ex post facto laws, the parole situation seems close to what we are dealing with in this case. Both concern the right to request release, not the right to a decision to release. In the case now before us, Appellant's substantive right to request release on bond pending appeal vested when he was sentenced to ten years' confinement. I do not think article I, section 16 of the Texas Constitution permits the trial court to deprive Appellant of that vested right.

I would hold that the trial court is obligated to hold a hearing on Appellant's

---

7. *Id.* at 204 (citations omitted).

8. *Grimes,* 807 S.W.2d at 587–88.

9. *Id.* at 587 (footnote omitted) (citing *Holder v. Wood,* 714 S.W.2d 318, 319 (Tex.1986); *Abell,* 613 S.W.2d at 260–62; *Merchants Fast Motor Lines, Inc. v. R.R. Comm'n of Texas,* 573 S.W.2d 502, 504–05 (Tex.1978)).

10. *Id.* at 587 n.7 (citations omitted).

11. *Ibarra v. State,* 11 S.W.3d 189, 192–93 (Tex.Crim.App.1999); *Fowler v. State,* 991 S.W.2d 258, 261 (Tex.Crim.App.1999); *Ex parte Davis,* 947 S.W.2d 216, 219–20 (Tex. Crim.App.1996).

12. *Lapasnick v. State,* 784 S.W.2d 366, 369 (Tex.Crim.App.1990).

13. *Ex parte Geiken,* 28 S.W.3d 553, 556 (Tex. Crim.App.2000).

request for bond pending appeal. Accordingly, I would reverse the trial court's denial of habeas relief and remand this case to the trial court to conduct a hearing. Although the trial judge may well be justified in denying Appellant's request for release, such justification does not appear in the record as it now stands.