**Nicholas Joseph LEE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–81–580–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 1, 1982.
Discretionary Review Refused
June 16, 1982.

**1.** Tex.R.Civ.P. 18a, effective January 1, 1981, now defines the procedure for application of  Article 200a.

Joe C. Shaffer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction for delivery of a controlled substance. The questions presented are (1) whether the indictment should have been quashed subject to a timely motion because it failed to specifically negate instances in which delivery of controlled substances are lawful; (2) whether a motion for new trial alleging jury misconduct during deliberation was improperly overruled by the trial court; and (3) whether the indictment should have been dismissed on the basis of entrapment. Finding no reversible error, we affirm the conviction.

Prior to January 15, 1979 Officer Herschel Erwin, acting with an informant identified only as Andrea or Andy, contacted Nicholas Joseph Lee (Lee or appellant) on numerous occasions. These contacts consisted of telephone calls from Andy to Lee asking him to obtain heroin for her boyfriend. On January 15, 1979 Andy called Lee at the direction of Officer Erwin. Lee stated that he had some heroin for her. A meeting place was established and a small amount of the substance was sold to Officer Erwin and Andy for $100.00.

Officer Erwin called Lee again on January 19, 1979. Pursuant to arrangements made during the conversation, another purchase was made for $250.00. Officer Erwin again contacted Lee on January 29, 1979 and requested four ounces of heroin. Lee stated he would have to get in touch with his connection. Lee called back quoting a price of $3,600.00. On February 1, 1979 Lee contacted Officer Erwin and made arrangements for the sale. It was during this transaction that Lee was arrested.

Lee was indicted on three counts of delivery of heroin, a controlled substance. Pretrial motions seeking to quash the indictment for failure to negate instances in which delivery of controlled substances are lawful and seeking to dismiss the cause on the basis of entrapment were resolved unfavorably to Lee. Lee then entered a plea of guilty and the jury assessed punishment at thirty years confinement in the Texas Department of Corrections. Lee perfected appeal to this Court.

Appellant brings three grounds of error complaining of the trial court's actions (1) in overruling the motion to quash the in-

dictment on the basis of failure to negate instances in which delivery of a controlled substance are lawful, (2) in overruling a motion for new trial based upon jury misconduct during deliberations, and (3) in refusing to grant a dismissal of the cause on the basis of persuasive inducement or entrapment.

Appellant's first ground of error contends the trial court committed reversible error in overruling a motion to strike each count of the indictment. The indictment alleged that Lee did "intentionally and knowingly deliver to Herschel Erwin, a controlled substance, namely, Heroin." It was appellant's contention in his motion to quash, and is his contention before this Court, that the indictment failed to put him on notice of the precise nature of the accusation against him because it failed to specifically negate instances under which the delivery of controlled substances would be authorized.

Appellant relies on the case of *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App.1980), in which a conviction for delivery of a controlled substance was reversed. The Court of Criminal Appeals held that since under the Controlled Substances Act "delivery" may be accomplished in more than one manner, the State must allege the particular manner it will seek to establish upon the timely filing of a motion or exception in order to give the accused precise notice of the accusation.

■ The facts before us are distinguishable since the motion to dismiss the indictment complained not of lack of specificity regarding the term "delivery", but of the fact that the indictment did not specifically negate instances in which delivery of controlled substances are authorized. It is true that Tex.Penal Code Ann. § 2.02(b) (Vernon 1974), codified a well established common law rule that

> [t]he prosecuting attorney must negate the existence of an exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception.

However, Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.10(a) (Vernon 1976), expressly removed the burden of negating in an indictment any exceptions or exemptions under the Controlled Substances Act and placed the burden of going forward with evidence concerning such exemptions or exceptions upon the defendant. *Threlkeld v. State*, 558 S.W.2d 472 (Tex.Cr.App.1977). Furthermore, there are no occasions where an individual is authorized to deliver heroin. The State need not negate that which is statutorily impossible. *Rodriquez v. State*, 561 S.W.2d 4 (Tex.Cr.App.1978). Therefore, we hold the indictment in this case was not subject to the attack made in appellant's motion to quash. Appellant's first ground of error is overruled.

In his second ground of error appellant contends the trial court committed reversible error in overruling a motion for new trial alleging jury misconduct during deliberation. It was alleged by appellant that one of the jurors stated if the punishment was assessed at confinement for a period of ten years or less appellant would be placed on probation. This allegedly caused two other jurors to vote for the thirty year sentence.

■ When a jury retires to deliberate, no additional evidence shall be received. Such other evidence would be contrary to the constitutional provisions according to the defendant the right to be confronted by the witnesses against him. *Stephenson v. State*, 571 S.W.2d 174 (Tex.Cr.App.1978). In order to mandate a new trial, the "other evidence" must (1) be received by the jury and (2) be detrimental to the accused. Tex. Code Crim.Pro.Ann. art. 40.03(7) (Vernon 1979); *Hunt v. State*, 603 S.W.2d 865 (Tex. Cr.App.1980). If there is conflicting evidence on the issue of whether the jury received the evidence, a fact question is presented, and the trial court's determination of the question will be overturned on appeal only if an abuse of discretion is shown. *McIlveen v. State*, 559 S.W.2d 815, 818–19 (Tex.Cr.App.1977).

Attached to the motion for new trial were three affidavits. Two of the affidavits were by a person who interviewed two of the jurors. Each of these affidavits stat-

ed that the juror involved refused to make an affidavit. One of the affidavits stated that during the interview the juror said some member of the jury expressed that if the jury were to assess punishment at ten years it would automatically be probated. The second affidavit by the interviewer stated that the juror was under the same impression as to automatic probation but related no circumstances as to how she came to have such an impression. The third affidavit which was actually by a juror made no mention of probation.

The State filed nine juror affidavits in response. Each of those affidavits indicated the sentence imposed was warranted by the evidence in the case. One of the affidavits contained the following:

> We understood the probation law and the range of punishment and did not believe that probation would be automatic.

Under these circumstances we hold a fact question was presented as to whether any other evidence was received by the jury. The trial judge granted a hearing on the motion for new trial, and testimony was taken from five jurors. We have reviewed the statement of facts from the hearing. Three of the jurors (including the two whose interviews resulted in affidavits) stated they were under the impression that if the sentence they returned was ten years or less the judge would grant probation. However, no juror could remember any other juror providing that information. Furthermore, these jurors indicated this misconception in no way influenced their decision. The other two jurors stated they were never under any such impression. In all cases the witnesses testified the sentence imposed was warranted by the evidence.

■ We hold that since the testimony did not reveal the receipt of any additional evidence by the jury but only concerned the mental processes of the jurors, the denial of the motion for new trial did not amount to an abuse of discretion. Furthermore, considering the evidence that any misconception concerning probation in no way influenced the sentence decided upon by the jury, we hold appellant was neither harmed, *Cooper v. State*, 509 S.W.2d 565 (Tex.Cr.App.1974); *Stephenson v. State*, 571 S.W.2d 174 (Tex.Cr.App.1978); *McCartney v. State*, 542 S.W.2d 156 (Tex.Cr.App.1976), nor deprived of a fair and impartial trial. *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr.App. 1975). Appellant's second ground of error is overruled.

Appellant complains in his third ground of error that the trial court committed reversible error in refusing to grant appellant's motion to dismiss the prosecution on the basis of persuasive inducement. Tex. Penal Code Ann. § 8.06(a) (Vernon 1974), provides in pertinent part as follows:

> It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person the opportunity to commit the offense does not constitute entrapment.

The Court of Criminal Appeals has interpreted the above as providing an objective test for evaluating an entrapment defense. *Bush v. State*, 611 S.W.2d 428 (Tex.Cr.App. 1980); *Norman v. State*, 588 S.W.2d 340 (Tex.Cr.App.1979). "The issue for determination, then, is what effect the agent's inducement would likely have upon persons generally. The defendant's criminal disposition is immaterial to this inquiry." *Bush v. State, supra* at 430.

■ Tex.Code Crim.Pro.Ann. art. 28.01 § 1(9) (Vernon Supp. 1980–1981), provides that a pre-trial hearing may be held to decide the issue of entrapment. In such a hearing the accused has the burden of producing evidence sufficient to raise the issue. The burden then shifts to the prosecution to disprove that defense. *Bush v. State, supra.*

■ In the case before us a pre-trial hearing was held upon appellant's motion. The evidence showed the numerous times appellant was contacted by Andy (as many as 25) prior to the first sale, and that two more sales were transacted with contact initiated from both appellant and the officer. We hold that a series of phone calls from one who appears to be at most a mere

acquaintance requesting a person to sell a controlled substance is so unlikely to induce a person not already so disposed to engage in a series of such offenses as not even to raise the issue of entrapment as a matter of law. *Craver v. State*, 628 S.W.2d 155 (Tex. App.—Houston [14th Dist.] 1982); *Bush v. State, supra.* Appellant's third ground of error is overruled, and the conviction is affirmed.

Affirmed.