Roger Lee WATSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–514CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 24, 1983.

Norman E. Lanford, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal is taken from a conviction for aggravated robbery. The jury found Roger Lee Watson, Jr. (Watson or appellant) guilty as charged in the indictment. Punishment was enhanced under Tex.Penal Code Ann. § 12.42(c) (Vernon 1974) and was assessed by the court at forty years imprisonment. In two grounds of error, Watson challenges the sufficiency of the court's charge to the jury. We affirm.

Richard Wallace (Mr. Wallace) and his wife (Mrs. Wallace) drove to the Cue Club in Houston in the early morning hours of March 1, 1981. They had just stepped out of their car and were about to walk to the club entrance when the appellant approached them, pulled a gun and demanded money. Mr. Wallace gave him about $10.00 in cash. Appellant then forced Mrs. Wallace back into the car and had her drive him away. He later took over the driving and while driving almost ran into a police car. The officers in the police car gave chase and forced the appellant to pull the car to the side of the road. As one of the officers approached the car, the appellant stepped on the accelerator and pulled back onto the road. At the same time, Mrs. Wallace opened the passenger door and jumped from the car. In the chase that followed, appellant lost control of the car and caused

it to strike a roadway median. He then got out of the car, fired three gun shots in the direction of pursuing police officers and escaped on foot. The officers gave chase and eventually caught the appellant. At trial the appellant testified that on the night of the offense he had consumed a one-fifth bottle of 101 proof whiskey, about two six-packs of sixteen ounce malt liquor beer and three mandrax tablets.

In his first ground of error, appellant contends the trial court erred in denying his requested instruction on insanity. He argues that alcoholism is a mental disease under Tex.Penal Code Ann. § 8.01 (Vernon 1974). He further argues the evidence shows he was an advanced alcoholic who consumed liquor involuntarily and who had no control over his actions while under its influence.

 Tex.Penal Code Ann. § 8.04 (Vernon 1974) provides that voluntary intoxication is not a defense to crime. Intoxication is voluntary if the accused has exercised independent judgment or volition in taking the intoxicant. *See Torres v. State,* 585 S.W.2d 746 (Tex.Cr.App.1979). At trial the appellant testified he voluntarily consumed alcohol and drugs on the night of the offense. There was also evidence the appellant was an alcoholic and that alcoholics, in general, have a compulsion to consume alcohol; however, this evidence fails to show *the appellant* consumed alcohol and drugs otherwise than voluntarily on the night of the offense. Further, appellant does not contend, nor does the evidence show, that his intoxication on the night in question was the result of any force, fraud, or trick of another. The appellant has therefore failed to raise the issue of involuntary intoxication, which is a necessary prerequisite to an instruction on insanity. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends the trial court erred in charging the jury that if the appellant was intoxicated at the time of the offense, such intoxication could not be considered as a defense. He argues the charge was too broad because it included involuntary intoxication,

which is a defense to crime. Appellant failed to object to the charge at trial. He contends on appeal that this instruction rendered the charge fundamentally defective.

 The error alleged by appellant goes to a defensive matter and does not fall within any of the kinds of fundamental error recognized by the courts of this state. *See Cumbie v. State,* 578 S.W.2d 732 (Tex. Cr.App.1979). Therefore, in the absence of a trial objection, no error has been preserved. However, we have reviewed the charge and find that, taken as a whole, it adequately protected appellant's rights. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.