**Clyde Conway JONES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–84–076–CR.**

Court of Appeals of Texas, Texarkana.

Sept. 10, 1985.

Robert Underwood, Carthage, for applicant.

John S. Walker, Dist. Atty., Center, for State.

GRANT, Justice.

Clyde Jones appeals his conviction of attempted capital murder. He contends that the trial court erred in failing to grant a new trial (1) because the jury's verdict of sanity is contrary to the great weight and preponderance of the evidence, (2) because the jury received other evidence, and (3) because the jury discussed parole. He also objects that the trial court's instruction to the jury constituted a comment on the evidence. We affirm the trial court's judgment.

On July 8, 1983, Paul Jack Ellett, chief deputy of the Panola County Sheriff's Department, attempted to arrest Jones. Ellett arrived at Jones' house in an unmarked police car. Ellett wore a uniform and had a warrant. Jones ran to his pickup and retrieved a pistol. He ran back into the house and fired three shots at Ellett. One bullet entered the door of the police car. Ellett fired back at Jones with a riot shotgun.

Jones barricaded himself in his house. Shortly thereafter, armed deputies, police officers, and constables surrounded the house. The police hooked up a public address system and attempted to talk Jones into surrendering. They also used tear gas. No one was able to persuade Jones to come out of the house except his attorney, who was able to get Jones to sign a motion

for new trial, the last day a timely motion for new trial could be filed.

Jones argues that the jury's verdict of sanity was contrary to the great weight and preponderance of the evidence that Jones was legally insane at the time of the alleged offense. As correctly applied in the instant case, Tex.Penal Code Ann. art. 8.01(a) (Vernon 1974) provides:

> It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.[1]

The accused must prove his defense by a preponderance of the evidence. Tex.Penal Code Ann. art. 2.04(d) (Vernon 1974).

 The purpose of the insanity defense issue is to determine whether the accused should be held responsible for the crime or whether his mental condition will excuse holding him responsible. The issue is not strictly medical, and expert witnesses though capable of giving testimony that may aid the jury in its determination of the ultimate issue are not capable of dictating determination of that issue. The State need not present expert medical testimony that the defendant is sane to counter the defense experts. The mental condition of the defendant at the time of the commission of the offense is relevant. The circumstances of the crime itself are always important in determining the mental state of the accused at the commission of the offense. Attempts to conceal incriminating evidence and to evade officers can indicate knowledge of wrongful conduct. *Graham v. State,* 566 S.W.2d 941 (Tex.Cr.App.1978). And, a properly qualified nonexpert or lay witness who first testifies to the facts on which his opinion is based when it appears that his opinion is justified by his opportunities for observing the conduct of the accused may express an opinion whether the accused knows right from wrong. This opinion must be confined to the time of the witness' observations of the accused. *Fuller v. State,* 423 S.W.2d 924 (Tex.Cr. App.1968).

 Ultimately, the issue of insanity at the time of the offense lies within the province of the jury. *Graham v. State,* supra. We may reverse the trial court's judgment and remand the cause for new trial if we determine that the defendant met his burden of proof and that the jury's finding is manifestly unjust. *Van Guilder v. State,* 674 S.W.2d 915 (Tex.App.—San Antonio 1984, pet. granted); *Schuessler v. State,* 647 S.W.2d 742 (Tex.App.—El Paso 1983, pet. granted).

 In this case, two psychiatrists and one psychologist presented extensive testimony that Jones suffered delusions. The experts diagnosed Jones as paranoid schizophrenic and concluded that he was insane at the time of the offense. One expert conceded that Jones' realization that his conduct was wrong was uncharacteristic for one with Jones' condition. This realization occurred after the alleged offense and while Jones was receiving medical treatment. Some of the lay testimony also indicated that Jones was insane at the time of the offense; however, other lay evidence concluded that Jones knew right from wrong and was able to conform his conduct to the requirements of the law. This opinion was made by a neighbor who observed the July 8, 1983, conflict between the deputy and Jones. When a conflict in the evidence exists, the jury is to resolve the conflict as the finder of fact. *Lombardo v. State,* 503 S.W.2d 780 (Tex.Cr.App.1974); *Williams v. State,* 653 S.W.2d 574 (Tex. App.—Tyler 1983, pet. ref'd). Therefore, we find the evidence sufficient to support the jury verdict.

Jones urges that the trial court erred in instructing the jury "this is an attempt to commit an offense" because that statement constitutes a comment on the evidence.

---

**1.** Tex. Penal Code Ann. art. 8.01(a) (Vernon 1974), *amended by* Act of August 29, 1983, ch. 454, § 1, 1983, Tex.Gen.Laws 2640.

The trial court instructed the jury as follows:

A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended. This is an attempt to commit an offense.

The trial court's charge must not constitute a comment on the weight of the evidence but should allow the jury to determine whether the acts described in the court's charge constitute proof of the crime. *McGinnis v. State,* 541 S.W.2d 431 (Tex.Cr.App.1976). Though not recommended for future use, the disputed instruction as used in this case refers to the general definition of criminal attempt and does not constitute a comment on the weight of the evidence. A better instruction form concerning criminal attempt can be found in *Robinson v. State,* 630 S.W.2d 394 (Tex.App.—San Antonio 1982, pet. ref'd).

Jones contends the trial court erred in overruling his motion for new trial because the jury received other evidence in violation of Tex.Code Crim.Proc.Ann. art. 40.03(7) (Vernon 1979). In order for a new trial to be mandated because the jury received other evidence, a two-prong test must be satisfied: (1) the evidence must have been received by the jury and (2) it must be detrimental or adverse to the defendant. Where the testimony at the motion for new trial hearing is conflicting, an issue of fact is raised and there is no abuse of discretion if the motion for new trial is overruled. If the evidence as to what occurred during deliberation is not controverted, and shows the jury in fact received additional adverse testimony, the statute requires a new trial. *Eckert v. State,* 623 S.W.2d 359 (Tex.Cr.App.1981).

During deliberation on punishment the jury sent a note to the trial court asking whether Jones could be required to take medication if the jury decided to recommend probation. The charge did not state that Jones would be required to take medication if placed on probation. The jury discussed the lack of this requirement in the charge, whether anyone could be sure of Jones taking his prescribed medication if granted probation, or whether the trial court could make such a requirement part of the terms and conditions of probation. Discussion of the terms and conditions of probation does not amount to the receipt of other evidence.

Jones objects that the trial court erred in failing to grant a new trial for discussion of parole. To show that a jury's discussion of the parole law constitutes reversible error, it must be shown that there was (1) a misstatement of the law, (2) asserted as fact, (3) by one professing to know the law, (4) which is relied upon by other jurors, (5) who for that reason changed their vote to a harsher punishment. *Sneed v. State,* 670 S.W.2d 262 (Tex.Cr.App.1984). The motion for new trial evidence in this case did generally show some discussion of parole but the evidence failed to establish that there was a misstatement of the law asserted as fact by one professing to know the law sufficient for the trial court's action to constitute an abuse of its discretion in overruling the motion for new trial. *Sneed v. State,* supra. *See also Flores v. State,* 676 S.W.2d 364 (Tex.Cr.App.1984); *Vandefifer v. State,* 682 S.W.2d 605 (Tex.App.—Texarkana 1984, no pet.).

We affirm the trial court's judgment.