Mahroo H. KASHFI, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–85–033–CR.

Court of Appeals of Texas,
Waco.

Dec. 12, 1985.

Harry F. Smith, Houser, Smith, Shampton & Roberts, Plano, for appellant.

H. Ownby, Crim. Dist. Atty., Roger V. Dickey, Asst. Dist. Atty., McKinney, for appellee.

HALL, Justice.

Pleading not guilty, appellant Mahroo H. Kashfi was found guilty by a jury of the offense of theft over the value of twenty dollars but less than two hundred dollars. Punishment was assessed by the trial court at five days in the county jail, probated for six months, and a $500 fine.

Appellant brings two related grounds of error, arguing that the trial court erred in (1) failing to grant a mistrial based on a prejudicial jury argument, and (2) overruling appellant's motion for new trial based on jury misconduct. We affirm the judgment.

Appellant was arrested for shoplifting a jacket at a Target store. The jacket had a price tag showing the regular price to be $49.99; however, the complainant store manager testified that the jacket had been placed on sale for the reduced price of $29.99 on the date of the offense. Appellant's husband testified that he and appellant had purchased the jacket approximately six days prior to the date of the offense for approximately $49.00, that he had paid for the jacket in cash but had lost the receipt, and that they had brought the jacket back into the store to exchange it for the correct size.

During final argument to the jury, appellant's counsel argued that since the price tag on the jacket reflected the regular price the coat must have been purchased by appellant prior to the date of the offense, that if it had been stolen on the date of offense there would have been a sale price tag on the merchandise. The prosecutor then argued in his closing statement:

> Now, this jacket, that's an interesting point about the price tag. But we've all purchased things with stock numbers on them that get into computers and the sale price is registered in a computer.

Defense counsel objected that the State was bringing before the court matters not raised by the evidence. The objection was sustained and the jury was instructed to disregard. The motion for mistrial was denied.

We hold that the comment was in response to and invited by defense counsel's argument, and error, if any, was cured by the trial court's prompt instruction to disregard. *Boyd v. State,* 643 S.W.2d 700, 706–07 (Tex.Cr.App.1982); *Stone v. State,* 583 S.W.2d 410, 416 (Tex.Cr.App.1979). Appellant's first ground of error is overruled.

In her second ground of error, appellant contends that she was entitled to a new trial based on jury misconduct. Appellant argues that the jury "considered facts which had not been presented to them," namely, the explanation as to why the price tag did not reflect the sale price.

Juror Watson filed an affidavit stating that during their deliberations the jury discussed the conflict of the evidence regarding the price of the coat. The jury decided that Target "probably" had the sale price of the coat entered into its computer and therefore would have no need to mark the reduced price on the coat itself. They came to this conclusion because many of the jurors had shopped at Target and were aware that Target does not mark its sale prices on the merchandise, but rather programs its computers to automatically reflect the discounted price on the sales receipt. The affidavit also reflects that the jurors rejected defense counsel's argument that the fact that the coat's price tag reflected the regular price instead of the sale price indicated that it had been purchased by appellant prior to the date of the offense.

A few weeks later, presiding juror Spears filed a controverting affidavit which stated in part:

> We did not consider as part of our deliberation ... our personal experience in shopping at Target. I have reviewed the affidavit of [juror Watson], and it simply is not accurate. We could not have cared less about the price tag on the coat. In our opinion, it was not crucial to the determination that we reached, because it did not bear on the circumstances of

the case. I do remember that there was some very small discussion as to Target's pricing procedures, but it was not discussed as part of our deliberations except to the extent that it was a matter which the court had told us not to consider. Quite simply, we believed the testimony [of the Target employees]. The pricing procedures of Target had absolutely no impact on the decision that we reached, and any discussion of them was very short-lived and immediately discounted.

The following day juror Watson filed a second affidavit, stating:

I have reviewed my affidavit that is already on file ... and I do not feel comfortable about the way it was written up. It is not completely accurate. While it is true that there was a small discussion about pricing policies in general at stores, and about sales and returns, that discussion did not bear on the verdict. We, the Jury, felt that the case came down to believing either the security lady or the defendant. Because of her experience and training, we believed the security lady. We felt that perhaps the defendant was trying to come up with an excuse.... There are a number of reasons why the price was or was not marked. I did not find the arguments by the defendant's attorney persuasive on this point. It did not impact whatsoever on our findings.

■■■■ The jurors' affidavits place emphasis on the fact that the discussion of "other evidence" had no impact on their decision. However, the controlling factor in deciding whether a new trial is required is the character of the evidence, not the effect of such evidence on the jury. *Garza v. State,* 630 S.W.2d 272, 274 (Tex.Cr.App. 1981); *Alexander v. State,* 610 S.W.2d 750, 753 (Tex.Cr.App.1980). Vernon's Ann.C. C.P. article 40.03(7) provides in part that a new trial shall be granted "[w]here the jury, after having retired to deliberate upon a case, has received other evidence." *See also* Vernon's Ann.C.C.P. art. 40.04. In order to mandate a new trial under the

statute, a two-prong test must be satisfied: (1) the evidence must have been received by the jury, and (2) it must be detrimental or adverse to the defendant. *Garza,* 630 S.W.2d at 274; *Eckert v. State,* 623 S.W.2d 359, 364 (Tex.Cr.App.1981). Once the two elements of the statute are satisfied, the ruling of the trial court is examined in light of whether the testimony regarding the receipt of detrimental evidence was controverted by the State. *Eckert,* 623 S.W.2d at 364. Where there is conflicting evidence introduced regarding jury misconduct at the hearing on the motion for new trial, an issue of fact is raised and there is no abuse of discretion if the motion is overruled. *Sneed v. State,* 670 S.W.2d 262, 266 (Tex. Cr.App.1984); *Eckert,* 623 S.W.2d at 364; *Moreno v. State,* 587 S.W.2d 405, 411–12 (Tex.Cr.App.1979); *Beck v. State,* 573 S.W.2d 786, 791 (Tex.Cr.App.1978); *McCartney v. State,* 542 S.W.2d 156, 162 (Tex.Cr.App.1976).

In a discussion of whether the first prong of the test had been met, the Court of Criminal Appeals in *Stephenson v. State,* 571 S.W.2d 174, 176 (Tex.Cr.App. 1978), commented that "a new trial for receipt of other evidence is not required every time something is mentioned among the jurors that is not supported by the evidence," and that it may be a question of degree. The court, in warning against an overly broad application of article 40.03(7), stated that a mere "passing remark" would not constitute a receipt of other evidence. Moreover, effective corrective action can remove the taint of such receipt during deliberations. *Broussard v. State,* 505 S.W.2d 282, 284–85 (Tex.Cr.App.1974); *Brown v. State,* 516 S.W.2d 145, 146 (Tex. Cr.App.1974); *Ward v. State,* 520 S.W.2d 395, 396–97 (Tex.Cr.App.1975).

■■■■ Juror Spears' affidavit reflects that the personal experiences of the jurors were not considered, and that any discussion of pricing procedure was insignificant and was not discussed as a part of the deliberations "except to the extent that it was a matter which the court told us not to consider." We do not believe that such a

passing remark, which was "immediately discounted," constituted "receipt" of other evidence so as to require a new trial. Moreover, even if the remarks were considered "other evidence," under the circumstances, the record supports the trial court's express finding that the evidence considered by the jury was not "detrimental" to appellant. The trial court, as the trier of fact, was free to believe one witness' testimony as to the extent of the discussion and the absence of improper conduct and to disbelieve and reject all or part of the testimony of the other witness. *Beck*, 573 S.W.2d at 791; *Carrillo v. State*, 566 S.W.2d 902, 913–14 (Tex.Cr.App.1978); *Daniel v. State*, 486 S.W.2d 944, 946 (Tex. Cr.App.1972). In our case the trial court was free to believe juror Spears, and the second affidavit of juror Watson, that there was little discussion, if any, on the pricing procedures, that there was no improper conduct, and that the verdict was based on the evidence. We hold that appellant was not deprived of a fair and impartial trial and that the trial court did not abuse its discretion in overruling appellant's motion for new trial. *Lee v. State*, 632 S.W.2d 816, 819 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). Appellant's second ground of error is overruled.

The judgment is affirmed.