Michael Arthur **RASSNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. B14–84–418–CR, B14–84–419–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1986.

Rehearing Denied March 13, 1986.

David H. Berg, Robert G. Turner, Houston, for appellant.

Calvin A. Hartman, Eleanor Montague McCarthy, Doug Durham, Asst. Dist. Attys., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Two indictments were filed charging appellant with separate deliveries of a controlled substance. A jury trial was held on the consolidated indictments and appellant was found guilty of both charges. The jury assessed punishment at five (5) years imprisonment on one cause and ten (10) years on the second. The latter sentence was probated. Appellant asserts (1) that the court's charge was improper as it included an instruction on voluntary intoxication and failed to include an instruction on involuntary intoxication and, (2) that evidence of jury misconduct during punishment deliberations necessitates the granting of a new trial. We overrule these grounds of error and affirm the judgment of the trial court.

A narcotics investigator for the Department of Public Safety, with the assistance of an informant, purchased cocaine from appellant on two separate occasions. The evidence introduced at trial reveals that appellant is a cocaine addict and was under the influence of the drug during the sale transactions.

Appellant first alleges the trial judge erred in instructing the jury that voluntary intoxication does not constitute a defense to the commission of a crime. Appellant's position is that the court's charge erroneously assumed that appellant's condi-

tion was the result of the "voluntary" consumption of cocaine and was therefore an impermissible comment on the evidence. The record shows that when appellant's counsel was asked whether he would like to object to the charge he responded:

> "Judge, yes, your Honor, I do. On page two, paragraph three, the paragraph on voluntary intoxication, I would object to that paragraph *being in the charge at all;* but if your Honor overrules my objection, I would object to an additional jury charge and I would now object to the paragraph on voluntary intoxication, "introducing the substance into the body." (Emphasis added.)

We find appellant's general objection to be insufficient to preserve error. The Texas Rules of Criminal Procedure provide that before the court's charge is read to the jury counsel shall present objections "distinctly specifying each ground" thereto. TEX.CRIM.PROC.CODE.ANN. § 36.14 (Vernon Supp.1985). The Court of Criminal Appeals has held that where the defendant objects to the court's charge 'as a whole' the same is not specific enough to apprise the court of the nature of his complaint and thus presents nothing for review. *Hackbarth v. State,* 617 S.W.2d 944, 947 (Tex.Crim.App.1981). We find appellant's objection "to that paragraph being in the charge at all" to be similarly vague and accordingly overrule appellant's first ground of error.

■ In his second ground of error, appellant contends that the trial court erred by failing to instruct the jury regarding the defense of involuntary intoxication. It is well settled that where an issue is raised by the evidence, the accused is entitled to have the matter submitted to the jury. *Barree v. State,* 621 S.W.2d 776, 778 (Tex.Crim.App.1981) (on motion for rehearing). Involuntary intoxication is a defense to criminal culpability when it is established that the defendant has excercised no independent judgment or volition *in taking the intoxicant. Torres v. State,* 585 S.W.2d 746, 749 (Tex.Crim.App.1979). If there is evidence that intoxication is the result of fraud, force or trickery, the ac-

cused is entitled to an instruction. *Watson v. State,* 654 S.W.2d 730, 732 (Tex.App.—Houston [14th Dist.] 1983, no pet.); *Shurbet v. State,* 652 S.W.2d 425, 428 (Tex.App.—Austin 1982) no pet.).

■ The record reveals that appellant and the informant abused drugs together on many occasions. In the few days prior to the initial sale appellant inhaled by "free-basing" a substantial amount of cocaine which greatly affected his mental stability. Appellant initially refused the informant's invitation to sell cocaine. However, when the informant reminded appellant that he was indebted to him, appellant agreed to sell the cocaine. About three months later, again at the request of the informant, appellant entered into a second sales transaction. At trial, both the informant and the DPS officer testified that appellant's use of cocaine caused him to lose the ability of rational thought. Appellant urges that as the evidence shows that he was coerced and tricked by the informant *with regard to the sale,* the court's failure to instruct the jury on involuntary intoxication constitutes reversible error.

We find that because there was no evidence in the record that appellant's intoxication was involuntary the trial court's refusal to instruct the jury on the issue was not error. The evidence appellant has brought to our attention concerns the question of involuntary *sale* of cocaine; not the involuntary use of the drug. It is not disputed that when police officers gather evidence through the assistance of an informant some deception is employed. However, where such deception affects only the identity of the buyer, and not the accused's volition in ingesting an intoxicant, there is no basis for an instruction on involuntary intoxication. *Torres v. State,* 585 S.W.2d at 749. Finally, we note that evidence simply directed at the existence of an addiction does not warrant an instruction on involuntary intoxication. *Watson v. State,* 654 S.W.2d at 732. Appellant's second ground of error is overruled.

Appellant next argues that the trial court erroneously refused to grant a new trial despite evidence of jury misconduct. TEX.CODE CRIM.PROC.ANN. art. 40.-03(7) & (8) (Vernon 1979). The jury misconduct at issue involves the discussion of parole law. The Court of Criminal Appeals has held that for a discussion of parole during deliberation to constitute reversible error, it must be established that there was:

(1) a misstatement of the law

(2) asserted as a fact

(3) by one professing to know the law

(4) which is relied on by other jurors

(5) who for that reason changed their vote to a harsher punishment.

*Sneed v. State,* 670 S.W.2d 262, 266 (Tex. Crim.App.1984).

At the hearing on the motion for new trial, three jurors testified about the jury deliberations during the penalty stage of the trial. It appears that several jurors had friends or relatives who had been sentenced to serve time in the state correctional system and that during deliberations these jurors shared their knowledge regarding parole. Juror Lynch testified that the jury discussed periods of fourteen to sixteen months, "two for one" jail time, and two years as the actual time a defendant would probably serve on a five year sentence. Lynch further testified that this information was presented factually and that she relied on it exclusively in changing her vote from probation to five-years imprisonment. The testimony elicited from Juror Prokop confirms that parole was discussed extensively during deliberations. Prokop testified that although she was initially in favor of probation on both counts she changed her vote in favor of jail time. Prokop stated that many factors influenced her change of mind including the information regarding parole provided by her fellow jurors. On cross examination by the state, Prokop testified that it was "common knowledge that inmates are let out on parole and very seldom serve the full time." When asked by the State whether the statements regarding the period of time

appellant would serve if given a five-year term were presented factually as the law, Prokop responded: "[W]e were all speculating—I'm not sure if anyone knew the law." The State called the jury foreman, Mr. Block who testified that on more than two occasions he instructed the jury not to discuss parole and that to his knowledge, there was no discussion with regard to how much time a person would actually serve on a five-year sentence. Block further testified that to his knowledge, only one juror mentioned a friend who was serving time and when he cautioned the juror not to discuss parole, the discussion ceased.

Before applying the *Sneed* five-prong test we note that the *Sneed* decision was handed down only days prior to the hearing on the motion for new trial. Appellant's counsel has admitted that in preparing the jurors' affidavits and his questions for the hearing he relied on a different standard of review than that required by *Sneed. See Munroe v. State,* 637 S.W.2d 475, 478 (Tex. Crim.App.1982). Counsel contends however, that even applying the more stringent *Sneed* test to the testimony and supporting affidavits, we must find reversible error. We do not agree.

The second prong of *Sneed* requires that the information regarding parole be asserted as a fact by a juror. The third prong requires that the juror sharing the information must profess to know the law. Lynch testified that the parole information was *presented factually.* Prokop stated that the juror's parole discussion was *speculation.* Block testified that to his knowledge there was *no parole discussion* and in the instance when a juror started to discuss it, he stopped the juror and admonished her and the others against any such discussions. It is well settled that issues of fact as to jury misconduct raised on a motion for new trial are for the determination of the trial judge, and there is no abuse in discretion in overruling the motion where there is conflicting evidence. *Keady v. State,* 687 S.W.2d 757, 759 (Tex.Crim.App. 1985); *Sneed v. State,* 670 S.W.2d at 266; *McCartney v. State,* 542 S.W.2d 156, 162

(Tex.Crim.App.1976); *Werner v. State*, 680 S.W.2d 858, 865 (Tex.App.—Houston [1st Dist.] 1984, pet. granted). Presented with conflicting testimony, the trial judge apparently chose not to believe Juror Lynch. A fair reading of the affidavits and the testimony leads us to believe that although the statements regarding parole were not accurate, they were really "guesstimates" and not specific statements made by one professing to know the law. *Keady v. State*, 687 S.W.2d at 760. The second and third prongs of *Sneed* are not satisfied; therefore appellant's third ground of error is overruled.

In his fourth ground of error appellant argues that the trial court erroneously refused to grant a new trial because of the jury's discussion of probation. Appellant complains that the jury received "other evidence" and committed jury misconduct when it discussed the "probation" of one of the juror's relatives. TEX.CODE CRIM. PROC.ANN. art. 40.03(7) (Vernon 1979).

■ After a jury retires to deliberate, no additional evidence may be received. Such other evidence would be contrary to the constitutional provisions according to the defendant the right of confrontation. *Stephenson v. State*, 571 S.W.2d 174 (Tex. Crim.App.1978); *Lee v. State*, 632 S.W.2d 816, 818 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). The Legislature has codified this principle in the Texas Code of Criminal Procedure section 40.03(7) which provides that new trials shall be granted where the jury, after having retired to deliberate upon a case, has received other evidence. Case law dictates that for the accused's motion for a new trial to succeed, the "other evidence" must (1) be received by the jury and (2) be detrimental to the accused. *Jones v. State*, 699 S.W.2d 580, 583 (Tex.App.—Texarkana 1985, no pet. history); *Lee v. State*, 632 S.W.2d at 818. Furthermore, when there is conflicting evidence on the issue of whether the jury received "other evidence," a fact question is presented, and the trial court's determination of the question will be overturned on appeal only if an abuse of discretion is shown. *McIlveen v. State*, 559 S.W.2d 815, 818–19 (Tex.Crim.App.1977); *Lee v. State*, 632 S.W.2d at 818. After reviewing the statement of facts from the hearing and the supporting affidavits, we find that a fact question was presented as to whether any other evidence was received by the jury.

■ Juror Lynch's affidavit states that discussions regarding the nature of probation supervision led her to vote against a probated sentence. At the hearing on the motion for new trial it became evident that Juror Lynch, as well as Juror Prokop, confused the concept of probation with parole and that most of their discussion actually concerned the latter. Foreman Block testified that during deliberations someone mentioned that he knew a person on probation and that this person had to report to his probation officer periodically. Finally, at least one court has held that discussion of the terms and conditions of probation does not amount to the receipt of other evidence. *Jones v. State, supra* 699 S.W.2d at 583. Finding no abuse of discretion we overrule appellant's fourth ground of error.

■ In his fifth and sixth grounds of error, appellant argues that the trial court erroneously refused to grant a new trial because of evidence received by the jury describing jail conditions and because of unauthorized conversations concerning jail conditions. In his seventh ground of error appellant contends that the State failed to rebut the presumption of harm which arose when juror Prokop was permitted to separate during deliberation. Appellant neglected however, to raise these three contentions in his motion for new trial. To preserve error, such allegations must be alleged in the motion so as to provide the State with an opportunity to rebut them. *McIlveen v. State*, 559 S.W.2d 815, 818 n. 1 (Tex.Crim.App.1977); *Slaughter v. State*, 231 S.W.2d 657, 659 (Tex.Crim.App.1950). Consequently, we are precluded from reviewing grounds of error five, six and seven.

Appellant's convictions for two counts of delivery of a controlled substance are affirmed.