Steve ALVARADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–85–234–CR.

Court of Appeals of Texas,
Austin.

Jan. 14, 1987.

J.W. Howeth, Austin, for appellant.

Ronald Earle, Dist. Atty., Paul Womack, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

PER CURIAM.

Appellant was convicted of aggravated robbery. Tex.Pen.Code Ann. § 29.03(a)(2) (1974). Punishment was assessed by the jury at imprisonment for thirty years. We will affirm the judgment of conviction.

In his sole point of error, appellant contends the trial court erred by including in its charge at the punishment stage the instruction relating to parole mandated by Tex.Code Cr.P.Ann. art. 37.07 § 4(a) (Supp. 1986).[1] Appellant does not complain that the instruction is, in itself, improper; therefore, we express no opinion on that subject. Rather appellant argues, as he did at trial, that § 4(a), as applied to him, operates as an *ex post facto* law in violation of Tex. Const.Ann. art. I, § 16 (1984).[2]

The record reflects that the charged offense was committed August 3, 1985; that § 4(a) became effective September 1, 1985; and that appellant's trial was held September 11, 1985. Appellant, citing *Ex parte Roper*, 61 Tex.Cr.R. 68, 134 S.W. 334 (1911), argues that § 4(a), although ostensibly procedural, deprived him of a substantial right that he had at the time of the charged offense, such being "the right to have the jury assess punishment without considering the parole laws." Appellant presents no evidence that the jury actually considered or discussed the parole laws during its deliberations.

■ Article 37.07, § 4(a), relates to procedure; it is not substantive law defining criminal acts and providing for penalties. The general rule is that in the absence of an express intention to the contrary, procedural statutes control litigation from their effective date; that is, they apply to both pending and future actions. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978) (Speedy Trial Act applied to pending case); *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.

---

1. Article 37.07, § 4(a), reads:

In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense of which the jury has found the defendant guilty is listed in Section 3f(a)(1), Article 42.12, of this code or if the judgment contains an affirmative finding under Section 3f(a)(2), Article 42.12, of this code, unless the defendant has been convicted of a capital felony the court shall charge the jury in writing as follows:

"Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

"It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or 20 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

"It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

"You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

2. Tex. Const.Ann. art. I, § 16 (1984) provides "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." *See generally* 1 G. Braden (ed.), *The Constitution of the State of Texas: An Annotated and Comparative Analysis* 58–62 (1977). Appellant concedes he has no claim under the United States Constitution.

App.1976) (amendment of statute providing for pretrial examination of defendant by psychiatrist applied to pending case); *Wilson v. State*, 473 S.W.2d 532 (Tex.Cr.App. 1971), and *Miller v. State*, 468 S.W.2d 818 (Tex.Cr.App.1971) (amendment of statutes governing admissibility of confessions applied to pending cases); *Ritchey v. State*, 407 S.W.2d 506 (Tex.Cr.App.1966) (change in spouse's testimonial immunity applied to pending case); *Sinclair v. State*, 159 Cr.R. 35, 261 S.W.2d 167 (1952) (amendment of statute governing right to severance applied to pending case).

■ Appellant is correct in his assertion that if a procedural change is retroactive and deprives an accused of a substantial right or immunity he possessed before its passage, then that procedural change is impermissibly *ex post facto* as to prior offenses. *Ex parte Abahosh*, 561 S.W.2d 202 (Tex.Cr.App.1978) (statute limiting right of appeal following guilty plea not applicable where plea and judgment entered before effective date of statute); *Ex parte Roper, supra; see generally* 1 LaFave & Scott, *Substantive Criminal Law* § 2.4(a) at 141 (1986). We do not perceive, however, that § 4(a) has produced any substantive change or that its application in this cause deprived appellant of any substantial right or immunity.

■ Generally speaking, it is a violation of our state constitution's separation of powers for jurors to base their assessment of punishment on the possibility that the defendant may be paroled. *Munroe v. State*, 637 S.W.2d 475 (Tex.Cr.App.1982); *see also* 23A C.J.S. *Criminal Law* § 1290 at 707 (1961 & Supp.1986). Nevertheless, it is common knowledge that from time to time inmates of the Department of Corrections are released on parole. *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr.App.1975). Consequently, the mere mention or discussion by jurors of the parole laws, without more, is not jury misconduct that denies the accused of a fair and impartial trial. *Sneed v. State*, 670 S.W.2d 262 (Tex.Cr. App.1984) [applying Tex.Code Cr.P.Ann. art. 40.03(8) (1979), recodified effective Sep-

tember 1, 1986, as Tex.R.App.P. 30(b)(8) (West 1986) ]. To show that a jury's discussion of parole constitutes reversible error, it must be shown that there was a misstatement of the law, asserted as a fact by one professing to know the law, which was relied upon by other jurors who for that reason changed their vote to a harsher punishment. *Id.* at 266.

We find the principles discussed in the preceding paragraph, involving as they do a closely analogous question, instructive in resolving the issue before us in the instant cause. The charge mandated by § 4(a) correctly states the law governing eligibility for parole. Further, the charge specifically instructs the jurors "not to consider the manner in which the parole law may be applied to this particular defendant." As previously noted, there is no evidence in the record that the jury violated this instruction by considering the law of parole in assessing appellant's punishment.

■ Article 37.07, § 4(a), does not purport to alter the respective rights and duties of the executive and judicial branches. Rather, it appears that § 4 was intended (1) to ensure that jurors are informed of the rudiments of the parole law so as to dispel any misconceptions they might have, and (2) to ensure that jurors understand why it is inappropriate for them to consider the parole laws in determining the punishment to be assessed. *See Keady v. State*, 687 S.W.2d 757, 761 (Tex.Cr.App.1985) (Clinton, J., dissenting).

We hold that the instruction mandated by art. 37.07, § 4(a), does not, on its face, alter the established rule that jurors are not to consider parole in assessing a defendant's punishment and that its application in this cause did not deprive appellant of a substantial right or immunity to which he was entitled at the time of the offense. Thus, there was no *ex post facto* violation.

Appellant's point of error is overruled, and the judgment of conviction is affirmed.