Juan **BENITEZ**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–86–204–CR.

Court of Appeals of Texas, Fort Worth.

July 15, 1987.

John T. Chidgey, Fort Worth, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, for state.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

Juan Benitez appeals his conviction after pleading guilty to a charge of aggravated sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1987). The jury assessed his punishment at 15 years confinement in the Texas Department of Corrections. Appellant complains: 1) that the trial court erred in overruling his motion for new trial based on a claim of jury misconduct; and 2) that the parole law instruction statute is unconstitutionally vague and confusing.

We affirm.

After the trial of this cause, appellant filed a motion for new trial complaining of jury misconduct in that the jury considered how the parole law and good time credit might affect appellant's punishment. The motion was supported by a juror's affidavit which reads in part:

During jury deliberations in the punishment phase of the trial we discussed at great length the application of law concerning pardon and parole as it would be applied to the Defendant in this case. We discussed how much good time this Defendant would receive credit for and how much time he *would* actually have to serve on any given sentence.

I based my vote to return a verdict of 15 years on the application of the parole law as I understood it and as we had discussed.

I voted for 15 years because I knew the Defendant would be required to spend 5 years in prison. From the discussions that we had during deliberations a majority of the jurors also relied on our discussion of the parole law to assess a number of years which would insure a minimum of 5 years in prison. [Emphasis in original.]

In his first point of error appellant claims the trial court's overruling of his motion was erroneous. Appellant argues that since he was assessed 15 years confinement after the majority of the jury originally considered probation in his case,

the discussion of parole law and good time credit clearly harmed him. Appellant further argues that the five-pronged test for reversible jury misconduct set out in *Sneed v. State,* 670 S.W.2d 262 (Tex.Crim.App. 1984) (opinion on reh'g) is no longer applicable because *Sneed* was decided prior to the effective date of the current parole law instruction statute. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 4(c) (Vernon Supp.1987) (effective Sept. 1, 1985). Appellant contends, rather, that any jury discussion of the parole law is a flagrant violation of the parole law instruction statute and of former TEX.CODE CRIM.PROC.ANN. art. 40.03, secs. (7)–(8) (Vernon 1979), *repealed by* Act of June 14, 1985, ch. 685, sec. 4, 1985 Tex.Gen.Laws 2472, 2472–73, *recodified at* TEX.R.APP.P. 30(b)(7)–(8) (effective Sept. 1, 1986). Appellate Procedure rule 30 reads in pertinent part:

(b) Grounds. A new trial shall be granted an accused for the following reasons:

. . . .

(7) Where after retiring to deliberate the jury has received other evidence

. . .

(8) Where the court finds the jury has engaged in such misconduct that the accused has not received a fair and impartial trial. . . .

TEX.R.APP.P. 30(b)(7)–(8).

We do not agree with appellant's contention on the applicability of *Sneed* which clearly applied to cases tried just prior to the effective date of article 37.07, section 4. *See Kopanski v. State,* 713 S.W.2d 188, 191 (Tex.App.—Corpus Christi 1986, no pet.); *Rassner v. State,* 705 S.W.2d 798, 801 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd); *Jones v. State,* 699 S.W.2d 580, 583 (Tex.App.—Texarkana 1985, no pet.). In *Alvarado v. State,* 723 S.W.2d 318 (Tex. App.—Austin 1987, pet. granted) (per curiam), the Austin Court of Appeals held that article 37.07, section 4(a) does not on its face change the established rule that jurors are not to consider parole in assessing a defendant's punishment. *Id.* at 320. It follows, then, that the method for deter-

mining whether this rule has been violated so as to require a reversal has not changed. We hold that the *Sneed* test must still be met before reversible error is shown in a case of jury misconduct.

■ Since the possibility of parole is a matter of common knowledge, the mere discussion by jurors of the parole laws, without more, is not jury misconduct that denies the accused of a fair and impartial trial. *Sneed,* 670 S.W.2d at 264; *Alvarado,* 723 S.W.2d at 320. Under the *Sneed* test, a jury's discussion of the parole law constitutes reversible error if there was:

(1) a misstatement of the law

(2) asserted as a fact

(3) by one professing to know the law

(4) which is relied upon by other jurors

(5) who for that reason changed their vote to a harsher punishment.

*Sneed,* 670 S.W.2d at 266.

■ The testimony given at the hearing on appellant's motion for new trial fails to show that any misstatement of the law was made by a juror professing to know the law. The only statements related by the testifying juror were consistent with the instructions in the court's charge. Moreover, the testimony at this hearing indicates that the jury abandoned its consideration of probation because appellant plead guilty to the charge, not because of any discussions of the parole law. Before settling on 15 years the jury also discussed assessing punishment at 30 years. Consequently, the record in this case fails to show that the jurors relied on any discussion of the parole laws in voting for a harsher punishment. We hold that the trial court did not err in overruling appellant's motion for new trial. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the parole law instruction statute is unconstitutionally vague and confusing. He cites Justice Hoyt's dissent in *Casares v. State,* 712 S.W.2d 818 (Tex. App.—Houston [1st Dist.] 1986, pet. granted) to support his claim that the reference to article 42.12, section 3f of the Code of Criminal Procedure makes article 37.07, section 4(a) of the same Code hopelessly ambiguous. *See Casares,* 712 S.W.2d at

822 (Hoyt, J. dissenting). Appellant also argues that by setting out the law and then ordering the jury not to consider it the court creates a situation which leaves jurors confused and misdirected.

This court has previously addressed each of these contentions and we adhere to our former rulings. First, the reference to section *3f* in article 37.07, section 4(a) is clearly a clerical error. A cursory examination of article 42.12 makes it clear the reference intended was to section *3g* of that article. *See Shaw v. State*, 729 S.W.2d 134, 136 (Tex.App.—Fort Worth 1987, pet. filed); TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp.1987). This court may disregard such an error. *See Shaw*, 729 S.W.2d at 136; *Rose v. State*, 724 S.W.2d 832, 838–39 (Tex.App.—Dallas 1986, pet. granted) (opinion on reh'g); *Loving County v. Reeves County*, 126 S.W.2d 87, 91 (Tex.Civ.App.—El Paso 1939, writ ref'd). Finally, the court's charge in this case follows the language of the statute and the instructions therein which clearly instruct the jury not to consider the effect the parole law will have on a particular defendant. We do not find these instructions unconstitutionally vague. *See Shaw*, 729 S.W.2d at 135; *Spelling v. State*, 719 S.W.2d 404, 409–10 (Tex.App.—Fort Worth 1986, pet. granted). Appellant's second point of error is overruled.

The conviction is affirmed.