**Israel ARANDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–86–00082–CR.**

Court of Appeals of Texas, El Paso.

Jan. 7, 1987.

Discretionary Review Granted April 1, 1987.

Richard R. Alvarado, Midland, for appellant.

Michael L. Fostel, Dist. Atty., Kermit, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

Appellant's sole point of error concerns the court's charging the jury with the instruction set forth in Article 37.07, sec. 4(a), Tex.Code Crim.Pro.Ann., regarding the parole law. He states this is a violation of the separate powers doctrine by allowing the jurors to consider the expectation of clemency powers in assessing punishment. We affirm.

Article IV, sec. 11, of the Texas Constitution grants the Governor power, after conviction and upon recommendation of the Board of Pardons and Paroles, to grant pardons.

Article IV, sec. 11, of that same constitution grants the legislature power to establish a Board of Pardons and Paroles and further power to enact parole laws.

Article V, sec. 1, of that constitution vests the judicial power in the judiciary. Judicial power is that power to hear the facts, decide them under the law, and enter and execute judgment and sentence. *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641 (1933).

Article II, sec. 1, of our state constitution divides the powers of government into

 

three distinct departments, executive, legislative and judicial, and further provides: "[A]nd no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

The constitution then has allowed overlapping of clemency powers between the executive and legislative branch of government. The judicial power to hear and decide facts under the law is overlapped by the legislature's intrusion in determining the law of evidence or procedure (recently delegated to the judiciary in Acts 1985, 69th Leg., ch. 685, p. 5138, secs. 5–9). They determined how the courts are going to conduct hearings and what the fact finders are entitled to know, subject to constitutional limitations as decided by the courts. The doctrine of separation of powers contemplates some overlapping and duality as a matter of practical and essential expediency.

In *Rose v. State* (Tex.App.—Dallas No. 05–85–01136–CR, December 1, 1986), the Court states:

The legislative history to Article 37.07, sec. 4(a), provides:

### Background information

There has been an outcry from public citizens serving as jurors that the sentences that have been handed down have differentiated greatly from the sentences actually served. Jurors have indicated in some instances that they were recommending even longer sentences in order to compensate for the time which would be knocked off the sentence by the combination of good time credit and eligibility for parole.

### Problem(s) that the bill addresses:

Public citizens serving as jurors from across the State have indicated that they need to be informed that the defendant may, but will not necessarily, be incarcerated for the full length of the sentence imposed; and the guide-

lines that are used to reduce the sentences through parole and good time credit.

HOUSE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex.S.B. 37, 69th Leg. (1985).

In the case at hand, the jurors were instructed that they must not consider how the parole law might be applied to this particular defendant. This Court must presume the jury followed the trial court's instructions. *Ainsworth v. State*, 517 S.W.2d 274, 277 (Tex.Crim.App.1975).

We hold that the defendant failed to show any violation of the court's instructions and resulting harm. We further hold that the legislative and judicial authority to determine the information a fact finder may possess in a trial overrides any remote and speculative transgression into the executive prerogatives. This is especially true when the underlying purpose of the statute is to prevent such intrusion.

The judgment of the trial court is affirmed.