Steve **ALVARADO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 173–87.

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

J.W. Howeth, Terrey Cobb, Austin, for appellant.

Ronald Earle, Dist. Atty., and William G. Reid, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Jimmie Davis WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 1052–86.

Court of Criminal Appeals of Texas, En Banc.

Dec. 14, 1988.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of aggravated robbery. After finding appellant guilty, the jury assessed punishment at 30 years' imprisonment.

On direct appeal, appellant argued the trial court erred in instructing the jury on the law concerning good time and parole, inasmuch as the charge is predicated upon an unconstitutional statute. The Court of Appeals rejected appellant's challenge to Article 37.07, § 4, V.A.C.C.P. *Alvarado v. State,* 723 S.W.2d 318 (Tex.App.–Austin 1987).

In his petition for discretionary review, appellant urges the Court of Appeals erred in holding Article 37.07, § 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State,* 752 S.W.2d 529 (Tex.Cr. App.1988), this Court determined that Article 37.07, § 4, is unconstitutional. Under *Rose,* supra, if a harmless error analysis is necessary, such analysis should be conducted under the guidelines of Tex.R.App.P. 81(b)(2).

The judgment of the Court of Appeals is vacated and this cause is remanded to that court for further proceedings consistent with this opinion.