TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00338-CR






Samuel Herrera Garcia, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0641-S, HONORABLE DICK ALCALA, JUDGE PRESIDING





 Samuel Herrera Garcia, Jr. was convicted of possession of a controlled substance. 
Enhanced by two prior convictions, the jury assessed punishment at life imprisonment. Garcia contends
that the trial court erroneously overruled his motion for new trial complaining of jury misconduct regarding
discussion of the issue of parole. We will affirm the judgment of conviction.


BACKGROUND

 At the hearing on appellant's motion for new trial, the trial court considered the testimony
of several jurors. Jurors Trudy Rawlings and Maria Robledo testified that unidentified "other" jurors stated
appellant would be out on parole in fifteen years if he received a life sentence. Both Rawlings and Robledo
said they relied upon these assertions to assess a harsher punishment, but neither could identify which juror
or jurors made such statements. On cross examination, Rawlings conceded that she decided on a life
sentence for a number of reasons, not solely because of the statements regarding parole. In addition,
Rawlings agreed that the jury deliberations regarding parole dealt with Garcia's eligibility for parole. 
Rawlings read the court's charge which indicated Garcia would be eligible for parole in fifteen years if he
received a life sentence. Rawlings also remembered the foreman's reminder not to consider parole when
assessing appellant's punishment. During cross examination, Robledo agreed that there was no reason for
her to rely on what other jurors said and none of the jurors represented themselves as having any
knowledge of the law regarding parole. Jurors John L. Compton, Billie Lee Jackson, and Jon Mason
testified that they did not hear anyone say, "If we give this man life, he will be out of prison in fifteen years." 
Jackson, Mason, and juror Jimmy Douglas Bradford, through affidavits, noted that all statements regarding
parole were confined to: "He will be eligible for parole in fifteen years." After hearing this evidence, the
court overruled appellant's motion for new trial.


DISCUSSION


 In his sole point of error, Mr. Garcia complains that the trial court erred in overruling his
motion for a new trial because two jury members improperly considered parole when assessing a penalty
against him.

 To show that a jury's discussion of parole constitutes reversible error, appellant must show
that there was a misstatement of the law, asserted as a fact by one professing to know the law, which is
relied upon by other jurors who for that reason changed their vote to a harsher punishment. Sneed v.
State, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984). At a hearing on a motion for new trial, the trial
judge is the trier of fact and his findings should not be disturbed unless there is abuse of discretion. Tollett
v. State, 799 S.W.2d 256, 259 (Tex. Crim. App. 1990). Where there is conflicting evidence and the
motion for new trial is overruled, there is no abuse of discretion. Id.

 Appellant relies on Rawlings' and Robledo's contentions that they relied upon a
misstatement of fact as to the application of the parole law in this case, that the misstatement was asserted
as fact by one professing to know the law; and that both jurors assessed a harsher penalty in reliance on
the misstatement. Appellant contends the trial court's ruling falls outside the "zone of reasonable
disagreement" because none of the State's witnesses were able to say with certainty that these
misstatements of law were not made to jurors Rawlings and Robledo.

 "[T]he mere mention or discussion by jurors of the parole laws, without more, is not jury
misconduct that denies the accused a fair and impartial trial." Alvarado v. State, 723 S.W.2d 318, 320
(Tex. App.--Austin 1987), rev'd on other grounds, 762 S.W.2d 590 (Tex. Crim. App. 1988). Neither
Rawlings' nor Robledo's testimony establishes the requisite elements to establish reversible error. See
Sneed, 670 S.W.2d at 266. Rawlings considered other factors in reaching a decision to assess a life
sentence; she had read the jury charge; and she remembered the foreman's warning not to consider parole
in assessing a penalty. Robledo agreed there was no reason for her to rely on the statements of other
jurors. She also said that none of the jurors represented themselves as having any knowledge of the law. 
Moreover, the jurors could not agree on what was said about parole. The testimony reveals two distinct
versions of what was discussed: one group stated they relied upon a misstatement of the law in assessing
a harsher penalty, while the other group contends that all discussions regarding parole were couched in
terms of Garcia's eligibility for parole if he received a life sentence. It is well settled that issues of fact as
to jury misconduct are for the determination of the trial judge. Id. Where there is conflicting evidence the
trial court does not abuse its discretion in overruling a motion for new trial. Accordingly, we overrule
appellants' point of error.


CONCLUSION

 Finding no error, we affirm the trial court's judgment.



 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: July 24, 1997

Do Not Publish



on for
her to rely on what other jurors said and none of the jurors represented themselves as having any
knowledge of the law regarding parole. Jurors John L. Compton, Billie Lee Jackson, and Jon Mason
testified that they did not hear anyone say, "If we give this man life, he will be out of prison in fifteen years." 
Jackson, Mason, and juror Jimmy Douglas Bradford, through affidavits, noted that all statements regarding
parole were confined to: "He will be eligible for parole in fifteen years." After hearing this evidence, the
court overruled appellant's motion for new trial.


DISCUSSION


 In his sole point of error, Mr. Garcia complains that the trial court erred in overruling his
motion for a new trial because two jury members improperly considered parole when assessing a penalty
against him.

 To show that a jury's discussion of parole constitutes reversible error, appellant must show
that there was a misstatement of the law, asserted as a fact by one professing to know the law, which is
relied upon by other jurors who for that reason changed their vote to a harsher punishment. Sneed v.
State, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984). At a hearing on a motion for new trial, the trial
judge is the trier of fact and his findings should not be disturbed unless there is abuse of discretion. Tollett
v. State, 799 S.W.2d 256, 259 (Tex. Crim. App. 1990). Where there is conflicting evidence and the
motion for new trial is overruled, there is no abuse of discretion. Id.

 Appellant relies on Rawlings' and Robledo's contentions that they relied upon a
misstatement of fact as to the application of the parole law in this case, that the misstatement was asserted
as fact by one professin